[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15699
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cr-00367-WS-N-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON PAYNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 15, 2014)

Before ED CARNES, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Brandon Joseph Payne pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and one count of possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  He received a 30-month sentence on the bank robbery count and a mandatory minimum 84-month sentence on the firearm count, with the sentences to be served consecutively.  Payne appeals his sentence, arguing that the district court violated his Sixth Amendment rights, as interpreted in Alleyne v. United States, — U.S. —, 133 S. Ct. 2151 (2013), when it sentenced him to the mandatory minimum sentence on the firearm charge.

## I.

The following facts were recounted at Payne's plea hearing.  On September 13, 2007, Payne served as the getaway driver in an armed robbery of the People's Bank and Trust in Valley Grande, Alabama.  His three accomplices — Lindera Chapman, Joshua Davis, and Timothy King — entered the bank that day carrying a shotgun, a revolver, a pistol, and duct tape.  They demanded that one of the bank tellers open the vault, and one of the defendants used the shotgun "to divert the [security] cameras."  Payne and his compatriots took $5,826 from the bank and fled.  At his plea hearing, Payne admitted those facts and acknowledged that he had "knowingly participated in an armed robbery of a bank."  However, he asserted that he did not enter the bank and could not "admit to exactly what

2

happened inside." During the hearing the district court told Payne that if he was convicted of the firearm offense he "could receive a term of imprisonment of no less than [84 months]" and that the sentence would be "consecutive to the sentence imposed" on the bank robbery count. Payne pleaded guilty to both counts charged against him in the indictment.

The PSR prepared for Payne's sentencing recounted the facts of the crime as stated at the plea hearing with one difference: It noted that one of Payne's accomplices had pointed a pistol at a bank teller during the robbery. Based on that fact, the PSR concluded that Payne was subject to an 84-month mandatory minimum sentence to be served consecutive to his sentence for the bank robbery charge. See 18 U.S.C. § 924(c)(1)(A)(ii) (providing that a defendant convicted under § 924(c)(1)(A) must be "sentenced to a term of imprisonment of not less than [84 months]" if a firearm is brandished during the crime of violence). Payne objected to the PSR's determination that he was subject to that 84-month mandatory minimum. Because his indictment had not specifically mentioned the brandishing provision of § 924(c)(1)(A) and he had never admitted at his plea hearing that a firearm was brandished, he asserted that sentencing him to the mandatory minimum would violate his Fifth Amendment due process rights and his Sixth Amendment rights, as interpreted in Alleyne v. United States, — U.S. —, 133 S. Ct. 2151 (2013).

3

In light of Payne's objection, the district court decided to hear evidence to determine whether a firearm had been brandished during the bank robbery. At the sentence hearing, a bank teller working at People's Bank and Trust at the time of the robbery testified that one of the defendants had pointed a pistol in her face during the robbery. Payne's attorney cross-examined that witness. He did not call any witnesses of his own to rebut the teller's testimony. Based on the evidence presented, the district court concluded that a gun had been brandished during the bank robbery, and it sentenced Payne to the 84-month mandatory minimum sentence on his § 924(c)(1)(A) conviction.

## II.

Payne's primary contention on appeal is that the district court violated his Sixth Amendment rights, as interpreted in Alleyne v. United States, — U.S. —, 133 S. Ct. 2151 (2013), when it sentenced him to the 84-month mandatory minimum sentence based on its own finding that a firearm was brandished during the robbery.[1] We review de novo the alleged Alleyne error. United States v. King,

---

[1] Payne also appears to challenge the sufficiency of his indictment on the ground that it failed to allege that a firearm was brandished during the robbery, and it failed to cite to the specific subsection of 18 U.S.C. § 924(c)(1)(A) that provides that an 84-month mandatory minimum applies when a firearm is brandished, see 18 U.S.C. § 924(c)(1)(A)(ii). But that argument does not call into question the district court's jurisdiction. See United States v. Brown, No. 13-10023, — F.3d —, 2014 WL 2200395, at *5 (11th Cir. May 28, 2014) (noting that an indictment's failure to allege the drug quantity that triggered a higher statutory maximum sentence was not a jurisdictional defect and stating that an indictment's failure to allege an essential element of a crime does not deprive the district court of jurisdiction). Therefore, the challenge has been waived by Payne's guilty plea. See United States v. Betancourth, 554 F.3d

4

751 F.3d 1268, 1278–79 (11th Cir. 2014).  If an <u>Alleyne</u> error occurred, we will

vacate Payne's sentence unless the error was harmless beyond a reasonable doubt.

<u>Id.</u> at 1279 ("We further hold that <u>Alleyne</u> violations are subject to harmless error

review.").  Under harmless error review, we must affirm Payne's sentence if the

brandishing fact "is supported by uncontroverted evidence" and the record does not

"contain[] evidence that could rationally lead to a contrary finding."  <u>United States</u>

<u>v. Candelario</u>, 240 F.3d 1300, 1308 (11th Cir. 2001) (quotation marks omitted).

Under <u>Alleyne</u>, any fact that increases the mandatory minimum sentence for

a crime must be admitted by a defendant or be submitted to a jury and found

beyond a reasonable doubt.  133 S.Ct. at 2163; <u>cf.</u> <u>Blakely v. Washington</u>, 542

U.S. 296, 303, 124 S.Ct. 2531, 2537 (2004) ("Our precedents make clear, however,

that the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a

judge may impose <u>solely on the basis of the facts reflected in the jury verdict or</u>

<u>admitted by the defendant</u>.").  In this case, Payne did not admit at his plea hearing

that a firearm had been brandished during the bank robbery that he committed.  He

---

1329, 1332 (11th Cir. 2009) ("A defendant who enters an unconditional plea of guilty waives all nonjurisdictional challenges to the conviction, but challenges to the subject matter jurisdiction of the federal courts cannot be waived.").  In any event, Payne cannot credibly contend that he had insufficient notice that he would be subject to the mandatory minimum because the penalty page of his indictment stated that that mandatory minimum sentence applied to the § 924(c)(1)(A) count and the district court told him at his plea hearing that he "could receive a term of imprisonment of no less than seven years" on that count.

stated that he did not know "exactly what happened inside the bank" because he had been waiting in the getaway car. Nevertheless, the district court sentenced him to a mandatory minimum sentence after making its own finding that a firearm had been brandished during the robbery. In doing so, the district court erred under Alleyne because it sentenced Payne to a mandatory minimum sentence based on its own conclusion about brandishing, instead of Payne's admission or a jury's finding concerning that fact.

Nevertheless, the district court's error was harmless beyond a reasonable doubt. As we have explained with regard to Apprendi errors, such errors are harmless beyond a reasonable doubt when there is "uncontroverted evidence" supporting a statutory fact that alters the range of possible sentences a defendant may receive. See Candelario, 240 F.3d at 1308 (quotation marks omitted). The same reasoning applies to Alleyne errors because Alleyne is an extension of Apprendi. See King, 751 F.3d at 1278–79; United States v. McKinley, 732 F.3d 1291, 1295 (11th Cir. 2013). In this case, the district court's error was harmless beyond a reasonable doubt because the government presented uncontroverted evidence that a firearm was brandished during the bank robbery in which Payne participated. A teller working at the bank when the crime was committed testified that one of Payne's codefendants pointed a pistol at her during the robbery. That testimony was unrefuted, and therefore "it is clear beyond a reasonable doubt that a

6

rational jury would have found" that a firearm was brandished.[2]  See United States

v. Nealy, 232 F.3d 825, 829 (11th Cir. 2000) (quotation marks omitted); see also

18 U.S.C. § 924(c)(4) ("For purposes of this subsection, the term 'brandish' means,

with respect to a firearm, to display all or part of the firearm, or otherwise make

the presence of the firearm known to another person, in order to intimidate that

person, regardless of whether the firearm is directly visible to that person.").

**AFFIRMED.**

---

[2] We reject Payne's contention that he could be sentenced under § 924(c)(1)(A)(ii) only if he admitted or a jury found that he "knew that the firearm[] would be brandished."  To the contrary, Payne could be found liable so long as he was an "active participant" in the bank robbery and he "kn[ew] that one of his confederates [was carrying] a gun."  Rosemond v. United States, — U.S. —, 134 S.Ct. 1240, 1249 (2014).  He admitted both of those facts at his plea hearing.  It does not matter whether Payne knew that one of his codefendants would actually brandish a gun in the bank.  See United States v. Williams, 334 F.3d 1228, 1230, 1232–33 (11th Cir. 2003) (upholding 10-year mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(iii) for defendant who participated in bank robbery in which one of his codefendants "accidentally" discharged his assault rifle during the robbery) (emphasis added).