[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14255
Non-Argument Calendar
_____

D.C. Docket No. 0:04-cr-60206-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD ROEMMELE,
a.k.a. Bernie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2014)

Before ED CARNES, Chief Judge, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

A jury found Bernard Roemmele guilty of four crimes: RICO conspiracy, in violation of 18 U.S.C. § 1962(d); mail and wire fraud conspiracy, in violation of 18 U.S.C. § 371; money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a), 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2. The district court initially sentenced Roemmele to 144 months imprisonment and ordered restitution in the amount of $14,672,185. Roemmele appealed his conviction and sentence, and the government cross-appealed, arguing that the district court erred in adopting the forfeiture amount as the amount of loss under United States Sentencing Guidelines § 2S1.1. We affirmed Roemmele's conviction, vacated his sentence, and remanded his case to the district court for resentencing so that the district court could calculate loss separately from the forfeiture amount. United States v. Hein, 395 F. App'x 652, 658–59 (2010) (unpublished). The district court resentenced Roemmele to 235 months imprisonment and increased the restitution award to $14,804,785 based on two victims' affidavits that the probation office had received after the initial sentence hearing. Roemmele appeals the length of his sentence and the amount of restitution he was ordered to pay.

2

Roemmele contends that, under the Supreme Court's decision in Alleyne v. United States, — U.S. —, 133 S.Ct. 2151 (2013), the district court violated his Sixth Amendment right to a jury trial by finding the value of the laundered funds for purposes of applying a nine-level enhancement, see U.S.S.G. § 2S1.1(b)(2)(J) (2000), and by ordering restitution where the jury made no specific finding as to the amount of restitution, if any, his victims were entitled to receive. We review de novo the alleged Alleyne errors. United States v. Payne, 763 F.3d 1301, 1303 (11th Cir. 2014). If an Alleyne error occurred, we will vacate Roemmele's sentence unless the error was harmless beyond a reasonable doubt. Id.

Roemmele argues that, under the Supreme Court's decision in Alleyne, the district court erred by finding by a preponderance of the evidence that the value of the laundered funds was more than $10 million and less than $20 million, which resulted in the nine-level enhancement contained in § 2S1.1(b)(2)(J) applying. Instead, he claims, the jury should have been asked to find the value of the laundered funds beyond a reasonable doubt. Roemmele's argument fails. Alleyne held that any fact supporting an enhanced mandatory minimum sentence must be (1) alleged in the indictment and (2) admitted by the defendant or found by a jury beyond a reasonable doubt. Alleyne, 133 S.Ct. at 2155. Alleyne did not change a court's ability to apply the advisory sentencing guidelines, including making findings of fact that do not alter a statutory minimum or maximum sentence.

United States v. Charles, 757 F.3d 1222, 1225–26 (11th Cir. 2014); see Alleyne, 133 S.Ct. at 2163.  In this case, the district court's factfinding affected Roemmele's advisory guidelines range but not the applicable statutory minimum or maximum sentence (indeed, none of the charges in Roemmele's indictment subjected him to a mandatory minimum sentence).  As a result, the district court committed no Alleyne error by finding the value of the laundered funds by a preponderance of the evidence before applying the § 2S1.1(b)(2)(J) enhancement.

Along the same lines, Roemmele also argues that the district court erroneously ordered restitution under Alleyne where the jury made no specific finding as to the amount of restitution, if any, his victims were entitled to receive.[1] That argument fails, too.  We have held that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), does not apply to restitution orders because the restitution statute, 18 U.S.C. § 3663, does not have a prescribed statutory maximum.[2]  Dohrmann v. United States, 442 F.3d 1279, 1281 (11th Cir. 2006) (collecting cases).  Alleyne was an extension of Apprendi.  See Alleyne, 133 S.Ct. at 2155, 2160.  It follows from Dohrmann's logic that the

---

[1] The government argues that Roemmele has waived this argument because he did not challenge the restitution amount in his initial appeal.  We need not decide the waiver issue, however, because Roemmele's argument is clearly meritless.

[2] In Apprendi, the Supreme Court held that any fact supporting an enhanced statutory maximum sentence must be (1) alleged in the indictment and (2) admitted by the defendant or found by a jury beyond a reasonable doubt.  Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362–63.  In Alleyne, the Supreme Court extended Apprendi's holding to facts supporting an enhanced statutory minimum sentence.  Alleyne, 133 S.Ct. at 2155, 2160.

4

Supreme Court's decision in <u>Alleyne</u> does not apply to restitution orders because the restitution statute does not have a prescribed statutory minimum either.

**AFFIRMED.**