[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10519
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00154-CG-N-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY BAYNE LYNCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 29, 2014)

Before TJOFLAT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Jeremy Lynch and six others—Disa Rivers, Christopher Barber, Haley

Jordan, Tessa Rivers, Jamie Holland, and Thomas Turner—were charged in a

twenty-count superseding indictment with trafficking methamphetamine.  Lynch was charged in six counts: Count One, conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 946; Counts Five, Six, Seven, Nine, and Eleven, possession with intent to distribute the drug, in violation of 21 U.S.C. § 841(a)(1).  Pursuant to a plea agreement, Lynch pled guilty to Count One, which carried a statutory penalty of imprisonment for five to forty years.  The plea agreement contained a waiver, which stated that Lynch

> knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Accordingly, [Lynch will] not challenge his guilty plea, conviction, or sentence . . . in any district court or appellate court proceedings.

The District Court sentenced Lynch to a prison term of sixty months.  He now appeals his conviction and sentence.  We affirm.

### I.

Lynch seeks the vacation of his conviction on the ground that the District Court committed plain error in accepting his guilty plea to Count One because the factual basis presented to the court was insufficient to show that he was involved in the alleged conspiracy.

Ordinarily, we review a district court's determination of whether there is a sufficient factual basis to accept a guilty plea for abuse of discretion.  *United States v. Owen*, 858 F.2d 1514, 1516 (11th Cir. 1988) (per curiam).  However, where, as

2

here, a defendant fails to object to a Federal Rule of Criminal Procedure 11 violation in the district court, we review for plain error under Federal Rule of Criminal Procedure 52(b).  *See United States v. Moriarty*, 429 F.3d 1012, 1018–19 (11th Cir. 2005) (per curiam).

To obtain a reversal for plain error, a defendant must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights.  *See United States v. Rodriguez,* 398 F.3d 1291, 1298 (11th Cir.2005).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (quoting *United States v. Cotton,* 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, 152 L.Ed.2d 860 (2002)).

As for a Rule 11 violation, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show a reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S. Ct. 2333, 2340, 159 L.Ed.2d 157 (2004).  To satisfy this standard, the defendant need not "prove by a preponderance of the evidence that but for [the] error things would have been different."  *Id.* at 83 n.9, 124 S. Ct. at 2340 n.9. Instead, he "must . . . satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding."  *Id.* at 83; 124 S. Ct. at 2340

3

(quotation marks omitted); *see United States v. Davila*, 749 F.3d 982, 993–94 (11th Cir. 2014) (per curiam).

Rule 11 requires district courts to "determine that there is a factual basis for the plea" before entering judgment on a guilty plea. Fed. R. Crim. P. 11(b)(3). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir. 1990). There is no requirement that there be "uncontroverted evidence" of guilt. *Owen*, 858 F.2d at 1516–17. The purpose of the Rule 11 requirement that a district court conduct a sufficient inquiry into the factual basis for the plea is "to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *Lopez*, 907 F.2d at 1100. We may evaluate a defendant's admissions in a factual summarization if such facts were presented by the parties to enable the district court to determine the factual basis for a guilty plea. *See United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) (per curiam).

To support a conviction for conspiracy to distribute drugs in violation of 21 U.S.C. § 846, "the government must prove beyond a reasonable doubt that: (1) a conspiracy existed; (2) [the defendant] knew of the essential objectives of the conspiracy; and (3) [he] knowingly and voluntarily participated in the conspiracy."

*United States v. Calderon*, 127 F.3d 1314, 1326 (11th Cir. 1997) (quotation marks omitted). In considering the first element, we consider whether a common goal existed, the nature of the underlying scheme, and any overlap of the participants. *See United States v. Brown*, 587 F.3d 1082, 1089 (11th Cir. 2009). To prove the third element, knowing and voluntary participation, the government must prove beyond a reasonable doubt that a defendant had the specific intent to join the conspiracy. *Calderon*, 127 F.3d at 1326. However, once the government establishes the existence of the underlying conspiracy, "it only needs to come forward with slight evidence to connect a particular defendant to the conspiracy." *Id.* (quotation marks omitted).

A defendant's participation in a conspiracy need not be proved by direct evidence, and a common purpose and plan with other co-conspirators "may be inferred from a development and collocation of circumstances." *United States v. Lyons*, 53 F.3d 1198, 1201 (11th Cir. 1995) (quotation marks omitted) (explaining that the inference of participation, raised from presence and association with conspirators, is a material and probative factor that a jury may properly consider).

There is a "critical distinction between a conspiratorial agreement and a buyer–seller transaction." *United States v. Mercer*, 165 F.3d 1331, 1335 (11th Cir. 1999) (per curiam). A buyer–seller transaction "is simply not probative of an agreement to join together to accomplish a criminal objective beyond that already

5

being accomplished by the transaction." *Id.* (quotation marks omitted).  "The essence of a conspiracy," by contrast, "is an agreement, not the commission of the substantive offense." *Id.*; *see also United States v. Dekle*, 165 F.3d 826, 829 (11th Cir. 1999) ("What distinguishes a conspiracy from its substantive predicate offense is not just the presence of any agreement, but an agreement with the same joint criminal objective—here the joint objective of distributing drugs.").  Regarding drug transactions, a conspiratorial agreement "may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to the purchaser." *Mercer*, 165 F.3d at 1335.  Additionally, it is "well-established in this Circuit" that "where there are repeated transactions buying and selling large quantities of illegal drugs," there is "sufficient evidence that the participants were involved in a conspiracy to distribute those drugs in the market." *Brown*, 587 F.3d at 1089; *see also United States v. Thompson*, 422 F.3d 1285, 1292 (11th Cir. 2005) (stating that an agreement may also "be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs" between a seller and buyer (quoting *United States v. Johnson*, 889 F.2d 1032, 1035–36 (11th Cir. 1989))).  While "mere presence" during a drug transaction is not enough, such presence is "certainly a factor to consider in determining whether a defendant joined a conspiracy." *United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002) (per curiam).

6

Lynch has not demonstrated that the District Court plainly erred in concluding there was a sufficient factual basis for his guilty plea, as there was ample evidence in the record for the court to reasonably find that he was guilty of conspiracy to possess with intent to distribute a substance containing methamphetamine. First, three of Lynch's codefendants—Christopher Barber, Disa Rivers, and Haley Jordan—are linked together through the statements of an unnamed cooperating defendant, as reflected in Lynch's factual summary. Rivers arranged for the cooperating defendant to serve as protection during Barber's drug purchases from suppliers, and Rivers told Barber that she had some guns to sell, sold one of those guns to the cooperating defendant, and possibly sold another to Jordan as well. Rivers confirmed her connection to Jordan and Barber in her post-arrest statements, stating that it was Jordan who introduced her to Barber.

Second, Lynch is linked to both Rivers and Jordan. As to Rivers, a confidential informant ("CI") met with Rivers for a controlled buy; then Rivers met with Lynch, who presumably supplied her with the methamphetamine ice that was discovered in the course of her subsequent arrest. Rivers also made a post-arrest statement implicating Lynch in distributing methamphetamine ice. As to Jordan, Rivers stated that it was Jordan who told her about Lynch's dealing in methamphetamine ice. Rivers also stated that Jordan and Lynch procured methamphetamine ice on a weekly basis. A CI reported that Lynch agreed to a

7

methamphetamine ice deal and that Jordan volunteered to make the delivery. Lynch told the CI to come to Jordan's residence to complete the transaction, and Lynch and Jordan together delivered the methamphetamine ice.

Accordingly, the evidence is not such that a reasonable factfinder could only conclude that the extent of Lynch's involvement was as a seller and thus there was no conspiracy. *See Mercer*, 165 F.3d at 1335. There is significant overlap of the participants, and the evidence as a whole permits the inference of a conspiratorial agreement in which Lynch took part. *See id.* Rule 11 does not require uncontroverted evidence of guilt, and circumstantial evidence, particularly presence and association with conspirators, may be considered. *See Lyons*, 53 F.3d at 1201. In sum, the court committed no plain error here.

## II.

Lynch argues that his guilty plea was involuntary because the District Court plainly erred in failing to adequately explain the factual basis underlying his plea. He also argues that, under *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), he should be allowed to withdraw his plea so that he can plead anew to one of the five substantive counts and have a factfinder determine the drug amount for which he is to be held accountable.

"There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

In accepting a defendant's guilty plea, the district court must specifically address the three core principles of Rule 11 by "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Moriarty*, 429 F.3d at 1019; *see also* Fed. R. Crim. P. 11(b)(1)(G) (requiring that, prior to accepting a guilty plea the district court inform the defendant of, and determine that the defendant understands, "the nature of each charge to which the defendant is pleading").

Whether the district court has complied with Rule 11's second core principle "turns on a variety of factors, including the complexity of the offense and the defendant's intelligence and education." *United States v. Telemaque*, 244 F.3d 1247, 1249 (11th Cir. 2001) (per curiam). The court should not assume that simply reading the charges to the defendant will suffice; rather, it generally should refer to the elements of the crime or verify that counsel has helped the defendant understand the charges. *See id.* However, "for simple charges . . . a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice." *Lopez*, 907 F.2d at 1099 (quotation marks omitted); *see also United States v. Bell*, 776 F.2d 965, 969 (11th Cir. 1985) (per curiam) (indicating, in a case involving marijuana, that conspiracy to possess with intent to distribute narcotics is a "simple" charge).

In *Apprendi v. New Jersey*, the Supreme Court held that any fact, other than

9

a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury. 530 U.S. 466, 490–91, 120 S.Ct. 2348, 2363–63, 147 L.Ed.2d 435 (2000). In *Alleyne*, the Supreme Court extended the holding of *Apprendi* to cover facts that increase a given crime's mandatory minimum penalty. 570 U.S. at ___, 133 S.Ct. at 2155, 2163. Interpreting *Alleyne*, we have explained that "any fact that increases the mandatory minimum sentence for a crime must be admitted by a defendant or be submitted to a jury and found beyond a reasonable doubt." *United States v. Payne*, 763 F.3d 1301, 1304 (11th Cir. 2014) (per curiam).

Here, Lynch's argument that the District Court did not ensure that he understood the nature of the charges against him almost entirely relies on his assertion that the factual summary does not show a conspiracy. However, as we explained above, Lynch has not shown that the District Court plainly erred in finding that the factual basis was sufficient. Because the factual summarization presented to the court furnished a sufficient factual basis, and because the court ensured that Lynch understood and agreed that the government could prove the facts contained in the summary, Lynch's argument fails.

To the extent that Lynch otherwise argues that the District Court did not ensure that he understood the charges against him, the record shows that the District Court explained that, to be found guilty of conspiracy to possess with

intent to distribute a substance containing methamphetamine, the government had to prove that two or more people came to a mutual understanding to commit an unlawful act, that Lynch knowingly and intentionally joined the plan, and that more than 50 grams of a substance containing methamphetamine was involved in the conspiracy. Lynch stated that he understood, and Lynch also stated that he had discussed the charges in the indictment with his attorney and understood them at that point as well. Considering that Lynch graduated high school and was facing simple charges, and that the court referred Lynch to the elements of the offense and verified that counsel helped Lynch understand the charges, and taking into account the presumption that a defendant's statements during the plea colloquy are true, the court did not commit plain error under Rule 11. *See Medlock*, 12 F.3d at 187; *Bell*, 776 F.2d at 969.

Lynch's argument regarding *Alleyne* is meritless, as the District Court applied the statutory mandatory minimum sentence based on facts Lynch admitted during the course of his guilty plea. *See Payne*, 763 F.3d at 1304. Furthermore, to the extent that he argues that the court plainly erred in not explaining *Alleyne* during the plea colloquy, Lynch has not identified any controlling law requiring the court to do so, and, in any event, Lynch agreed as part of his plea agreement that the enhanced statutory minimum sentence of five years' imprisonment applied. In short, Lynch has not demonstrated that the District Court plainly erred in failing to

11

properly explain the factual basis for his guilty plea.

III.

Lynch additionally appeals his sentence on the ground that the District Court clearly erred by not granting a sentence reduction pursuant to the safety valve provisions of 18 U.S.C. § 3553(f). The government contends that this challenge is barred by the appeal waiver in Lynch's plea agreement. We agree.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* We have enforced a sentence appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that [he] understood the provision and that [he] entered into it freely and voluntarily." *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

"An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399

12

F.3d 1294, 1296 (11th Cir. 2005) (per curiam); *see United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) (noting that "[w]aiver would be nearly meaningless if it included only those appeals that border on the frivolous"). Furthermore, a defendant may waive his right to appeal both constitutional and non-constitutional issues by executing a valid sentence appeal waiver. *See, e.g.*, *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (holding that a defendant may knowingly and voluntarily waive his right to appeal a sentence on Eighth Amendment grounds); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (holding the same based upon a challenge made under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005)). We have, however, suggested that a valid appeal waiver might not prevent a defendant from appealing a sentence that exceeded the statutory maximum, or from arguing that his equal protection rights were violated because he was sentenced based on an arbitrary classification such as race or religion. *Bushert*, 997 F.2d at 1350 n.18. Additionally, "[i]n extreme circumstances—for instance, if the district court had sentenced [the defendant] to a public flogging—due process may require that an appeal be heard despite a previous waiver." *Howle*, 166 F.3d at 1169 n.5.

Pursuant to § 841(b)(1)(B), a defendant who conspires to possess with intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine is subject to a statutory penalty of imprisonment for five to forty

13

years.  21 U.S.C. §§ 841(a), 841(b)(1)(B)(viii), 846.  However, under the "safety valve" provision, the district court "shall impose a sentence pursuant to the [Sentencing Guidelines] without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation," that five conditions are present.  18 U.S.C. § 3553(f); *see* U.S.S.G. § 5C1.2; *United States v. Brownlee*, 204 F.3d 1302, 1304 (11th Cir. 2000).  The fifth condition requires that, prior to sentencing, the defendant "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  18 U.S.C. § 3553(f)(5).  Although it is the district court's responsibility to determine the truthfulness of the information the defendant provided to the government, "[t]he burden of proof on the truthfulness issue lies, of course, with the defendant."  *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999) (per curiam).

Lynch's safety valve challenge is barred by his sentence appeal waiver. Lynch does not argue that the waiver was not made knowingly and voluntarily.  In any event, the District Court specifically questioned him regarding the waiver and he indicated that he understood the provision and entered into it freely and voluntarily.  *See Weaver*, 275 F.3d at 1333; *Bushert*, 997 F.2d at 1351.

Because the sentence appeal waiver was made knowingly and voluntarily,

14

Lynch may not appeal his sentence unless an exception applies. None of the three exceptions to the waiver applies here because (1) Lynch's sentence is not beyond the statutory maximum imprisonment term of forty years provided for in § 841(b)(1)(B)(viii) (and is in fact at the statutory minimum); (2) his sentence was within the Guidelines sentence range; and (3) he does not raise a claim of ineffective assistance of counsel.[1] *See Bushert*, 997 F.2d at 1350 n.18.

Lynch also challenges whether he should have been given safety valve relief from the statutory minimum punishment, which he waived the right to challenge. Lynch's argument that the denial of safety valve relief is effectively the same as an upward variance or departure from what his guideline range should have been is unpersuasive. The plain language of the appeal waiver exception applies to upward departures or variances, not their functional equivalents, and the denial of safety valve relief is not an upward departure or variance. To interpret the plea agreement otherwise would mean that any guideline calculation issue could fit the exception, as any alleged error could be said to be the functional equivalent of an upward variance from the "true" guideline range.

As for Lynch's argument that the denial of safety valve relief violated *Alleyne* and due process, we have held that a defendant may waive constitutional

---

[1] Although Lynch belatedly attempts to assert ineffective assistance of counsel in his reply brief, the gravamen of his claim is not attorney ineffectiveness but rather district court error.

15

arguments, including an *Apprendi* claim, *see Rubbo*, 396 F.3d at 1335, and Lynch has not explained why an *Alleyne* claim is meaningfully different.  And in any case, the failure to award safety valve relief does not result in *Alleyne* error: not receiving a sentence below the statutory minimum does not mean a defendant was sentenced to an enhanced statutory minimum sentence based on a fact not alleged in the indictment and proven beyond a reasonable doubt or admitted by the defendant in pleading guilty.  *See Alleyne*, 570 U.S. at ___, 133 S.Ct. at 2155, 2163.  Here, there was no *Alleyne* error because Count One alleged a conspiracy involving 50 grams of a substance containing a detectable amount of methamphetamine, the plea agreement stated that the government could prove 50 grams and that the minimum sentence was imprisonment for five years, and Lynch admitted the factual basis of a conspiracy involving 50 grams.  His sentence does not represent the extreme circumstances where he might be permitted to appeal despite his appeal waiver.  For the forgoing reasons, we do not review Lynch's sentence and, to the extent this appeal seeks its review, the appeal is dismissed.

AFFIRMED, in part; DISMISSED, in part.