[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14386
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20552-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUD LAMY DUVAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 15, 2015)

Before HULL, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Claud Duval appeals *pro se* the denial of his petition for a writ of error *ad testificandum*. We affirm.

The district court did not err by denying Duval's petition. Even if we read Duval's petition liberally to argue that his indictment was defective because it was not signed by the grand jury foreperson, he was not entitled to relief. Duval's knowing, voluntary, and unconditional pleas of guilty "waive[d] all nonjurisdictional defects in the proceeding." *United States v. Payne*, 763 F.3d 1301, 1303 n.1 (11th Cir. 2014). The purported absence of the foreperson's signature was "a mere technical irregularity," *Hobby v. United States*, 468 U.S. 339, 345, 104 S. Ct. 3093, 3096 (1984), that did not affect the authority of the district court to enter its judgment. *See United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002). Duval could have moved to dismiss the charges against him based on an alleged "defect in [his] indictment," but the motion had to be filed before trial. Fed. R. Crim. P. 12(b)(3). And a motion that challenged the jurisdiction of the district court had to be filed "while [his] case [was] pending." *Id.* 12(b)(2). Duval's case was no longer pending after the 14-day period to appeal his conviction expired on April 25, 2014. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). In any event, the record establishes that the foreperson signed Duval's indictment, and the Clerk of the district court redacted the foreperson's signature before filing the indictment as a

2

public record.

We **AFFIRM** the denial of Duval's petition.