[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12294
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20858-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross Appellant,

versus

TYWAN HILL,

Defendant-Appellant
Cross Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(August 26, 2015)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Tywan Hill was found guilty of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Hill appeals his conviction, contending that the jury instruction for constructive possession should have included the term "knowingly," and the district court's denial of his request to modify the instructions to reflect such was an abuse of its discretion.  The government cross-appeals the district court's refusal to enhance Hill's term of imprisonment pursuant to the Armed Career Criminal Act (ACCA).  It contends that Hill's prior convictions for battery on a law enforcement officer, in violation of Florida Statutes sections 784.03 and 784.07(2)(b), and resisting an officer with violence, in violation of Florida Statutes section 843.01, constitute violent felonies under the ACCA, *see* 18 U.S.C. § 924(e)(1).

After review of the parties' briefs and the record on appeal, we conclude that the district court did not abuse its discretion in denying Hill's request to modify the jury instruction for constructive possession, and thus affirm Hill's conviction.  However, because we conclude that Hill's prior Florida conviction for resisting an officer with violence constitutes a violent felony under the ACCA, we vacate Hill's sentence and remand to the district court for further proceedings consistent with this opinion.

## I.

In contending that the district court abused its discretion in denying his request to modify the jury instruction, Hill argues that the jury instruction given for constructive possession, which did not include the term "knowingly," seriously impaired his defense. Hill avers that without inclusion of the term "knowingly," the jury was permitted to conclude that Hill could have constructive possession of the firearm without actually knowing that the firearm was in the passenger compartment of the car he was alleged to have been driving.

The district court's refusal to submit a defendant's requested jury instruction is reviewed for an abuse of discretion. *United States v. Dominguez*, 661 F.3d 1051, 1071 (11th Cir. 2011). Under this standard, a court's decision will not be disturbed if it falls within a range of possible conclusions that do not constitute a clear error of judgment. *United States v. Lopez*, 649 F.3d 1222, 1236 (11th Cir. 2011). We consider three factors when determining whether the district court's refusal to give a requested jury instruction warrants reversal: "(1) whether the requested instruction is a substantially correct statement of the law; (2) whether the jury charge given addressed the requested instruction; and (3) whether the failure to give the requested instruction seriously impaired the defendant's ability to present an effective defense." *Dominguez*, 661 F.3d at 1071 (internal quotation marks omitted).

3

In order to be convicted under § 922(g)(1), a defendant must be a convicted felon that knowingly possesses a firearm that is "in or affecting interstate commerce." *See* 18 U.S.C. § 922(g)(1); *see also United States v. Beckles*, 565 F.3d 832, 841 (11th Cir. 2009). "Possession of a firearm may be either actual or constructive." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (per curiam). A defendant is in constructive possession of a firearm when the defendant does not actually possess the firearm "but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm." *Id*. Jury instructions that imply knowledge or an awareness of the object possessed when defining constructive possession, substantially cover the requirement that a defendant knowingly possess a firearm—the use of such an instruction does not constitute reversible error. *See United States v. Winchester*, 916 F.2d 601, 605 (11th Cir. 1990).

Hill's proposed jury instruction was an accurate statement of the law, but the instruction given by the district court adequately covered Hill's proposed instruction. *See Dominguez*, 661 F.3d at 1071. Furthermore, the district court's instruction on the elements of the crime stated that it must be proved beyond a reasonable doubt that Hill knowingly possessed a firearm. Finally, the definition of constructive possession given to the jury impliedly required that Hill knowingly possess the firearm. *See Winchester*, 916 F.2d at 605. Thus, the district court did

4

not abuse its discretion in denying Hill's request to modify the jury instruction to include the word "knowingly," and therefore, we affirm Hill's conviction.

## II.

On cross-appeal, the government argues that the district court erred in concluding that Hill's prior felony convictions in Florida for battery on a law enforcement officer and resisting an officer with violence do not constitute violent felonies under the ACCA. The government contends that both convictions constitute violent felonies under the ACCA's residual clause pursuant to this Court's well-established binding precedent.

We review de novo whether a defendant's prior convictions qualify as violent felonies under the ACCA. *United States v. Petite*, 703 F.3d 1290, 1292 (11th Cir. 2013). The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a fifteen-year statutory minimum sentence. *See* § 924(e)(1). The last clause of § 924(e)(2)(B)(ii) of the ACCA, commonly referred to as the "residual clause," enumerates crimes that present "a serious potential risk of physical injury to another." *Petite*, 703 F.3d at 1293–94 (internal quotation marks omitted).

The Supreme Court recently held that the residual clause of the ACCA was unconstitutionally vague. *See Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, 2557–58 (2015). The Supreme Court, however, did "not call into question

5

application of the Act to the four enumerated offenses, or the remainder of the [ACCA's] definitions of a violent felony." *Id*. at __, 135 S. Ct. at 2563. Thus, by holding in *Johnson* that the ACCA's residual clause is unconstitutional, the Supreme Court necessarily abrogated this Court's prior binding precedent, which held that these two Florida felony convictions qualified as predicate offenses under the residual clause of the ACCA.[1] Consequently, *Johnson* forecloses the government's argument on appeal that Hill's prior Florida felony convictions for battery on a law enforcement officer and resisting an officer with violence are violent felonies under the ACCA's residual clause.

As previously mentioned, in *Johnson* the Supreme Court expressly limited its holding to the ACCA's residual clause, leaving undisturbed "the remainder of the [ACCA's] definitions of a violent felony," which would include the ACCA's definition of a violent felony under its elements clause. *Id*. Section 924(e)(2)(B)(i) of the ACCA is often referred to as the "elements clause." *See Petite*, 703 F.3d at 1293. Section 924(e)(2)(B)(i) defines a violent felony as a crime that is punishable

---

[1] We acknowledge that we have previously held that battery on a law enforcement officer, in violation of Florida Statutes sections 784.03 and 784.07(2)(b), and resisting an officer with violence, in violation of Florida Statutes section 843.01, qualified as violent felonies under the ACCA's residual clause. *See, e.g.*, *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1340 (11th Cir. 2013) (Florida battery on a law enforcement officer conviction qualifies as a violent felony under the ACCA's residual clause.); *United States v. Nix*, 628 F.3d 1341, 1342 (11th Cir. 2010) (per curiam) (Resisting an officer with violence under Florida law is a violent felony under the ACCA's residual clause.). But, we are no longer bound by this precedent after *Johnson*. *See, e.g.*, *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam).

6

by more than one year in prison that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

To determine whether an offense is a violent felony under the ACCA, we use a categorical approach, looking at "the fact of conviction and the statutory definition of the prior offense." *See Petite*, 703 F.3d at 1294 (internal quotation marks omitted). The phrase "physical force" in the context of the statutory definition of "violent felony" means "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140, 130 S. Ct. at 1271. While the meaning of "physical force" is a question of federal law, federal courts are bound by a state supreme court's interpretation of state law, including its determination of the elements of the underlying state offense. *See id*. at 138, 130 S. Ct. at 1269. "[A]bsent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002).

In Florida, any person who "knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer," is guilty of resisting an officer with violence—a third degree felony. *See* Fla. Stat. § 843.01. Florida's intermediary

courts have held that violence is a necessary element of the offense. *See Rawlings v. State*, 976 So. 2d 1179, 1181 (Fla. Dist. Ct. App. 2008) ("[V]iolence is a necessary element of the offense [of resisting an officer with violence]."); *see also Walker v. State*, 965 So. 2d 1281, 1284 (Fla. Dist. Ct. App. 2007) ("[R]esisting arrest with violence is a felony that involves the use or threat of physical force or violence . . . .") (quoting *Watson v. State*, 749 So. 2d 556, 556 (Fla. Dist. Ct. App. 2000))).

In looking to the decisions of Florida's intermediary courts before, we have held that a prior conviction for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA. *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) (per curiam) (concluding that a conviction under section 843.01 "is sufficient for liability under the first prong of the ACCA" (internal quotation marks omitted)). Therefore, we conclude that the district court erred in finding that Hill's Florida conviction for resisting an officer with violence under section 843.01 did not constitute a violent felony under the ACCA.[2]

---

[2] The government concedes that Hill's Florida conviction for battery on a law enforcement officer under Florida Statutes sections 784.03 and 784.07(2)(b) does not categorically constitute a violent felony under the elements clause of the ACCA pursuant to Supreme Court precedent. *See Johnson v. United States*, 559 U.S. 133, 136–37, 140–42, 130 S. Ct. 1265, 1269, 1271–72 (2010) (concluding that a Florida conviction for battery under section 784.03 is not categorically a violent felony because the elements of the offense are in the disjunctive and the prosecution can prove a battery in one of three ways: that the defendant (1) intentionally caused bodily harm, (2) intentionally struck the victim, or merely (3) actually and

## III.

Based on the foregoing, we affirm Hill's conviction, but vacate his sentence given the district court's error in finding that Hill's prior felony conviction for resisting an officer with violence did not constitute a violent felony under the ACCA.

On remand and prior to resentencing Hill, the district court must also determine whether any of Hill's previous drug convictions constitute "serious drug offenses" under the ACCA. *See* 18 U.S.C. § 924(e)(2)(A)(ii). In response to Hill's objections to the presentence investigation report, the government contended that Hill's 1999 cocaine sale/delivery conviction, in violation of Florida Statutes section 893.13(1)(a)(1), and his 2008 cocaine trafficking conviction, in violation of Florida Statutes section 893.135(1)(b)(1), were ACCA-qualifying "serious drug offenses." At sentencing, the district court did not address whether Hill's prior drug convictions were serious drug offenses. As such, the government's brief declined to address Hill's drug convictions "in the first instance on appeal" and relied primarily on Hill's other convictions and the residual clause. Given the intervening decision of the Supreme Court in *Johnson* that overrules the Supreme

---

intentionally touched the victim). In *Johnson*, the Supreme Court added that "nothing in the record of Johnson's 2003 battery conviction permitted the District Court to conclude that it rested upon anything more than the least of these acts," which is merely touching the victim.

9

Court's prior decisions about the same residual clause,[3] we direct the district court to allow the parties on remand to raise and brief whether any of Hill's prior convictions nevertheless support the ACCA enhancement under the two other provisions of the ACCA.

Finally, we acknowledge the existence of a clerical error in the judgment, which states that Hill pleaded guilty to the indictment.  Hill was, in fact, convicted by a jury after trial.  We may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors. *See United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998) (per curiam) (remanding with directions to the district court to correct the clerical errors). Accordingly, the district court should correct the clerical error contained in the judgment after resentencing.

**AFFIRMED in part, VACATED and REMANDED in part.**

---

[3] The Supreme Court twice upheld the ACCA's residual clause before holding it unconstitutionally vague.  *Compare James v. United States*, 550 U.S. 192, 127 S. Ct. 1586 (2007), *and Sykes v. United States*, 564 U.S. __, 131 S. Ct. 2267 (2011), *with Johnson*, 576 U.S. at __, 135 S. Ct. at 2557-58.