[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13865
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00130-CEH-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 3, 2015)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Andre Collins appeals his sentence of 151 months of imprisonment following his plea of guilty to distributing crack cocaine. 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Collins challenged, for the first time on appeal, his classification as a career offender, *see* United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2013), on the ground that his prior conviction for resisting an officer with violence, Fla. Stat. § 843.01, did not qualify as a crime of violence under the residual clause. At our direction, the parties have filed supplemental letter briefs addressing what, if any, effect *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), has on this appeal. Because Collins now concedes that there is no reversible error, we affirm.

Collins acknowledges that the district court did not err, much less plainly err, by sentencing him as a career offender. In his supplemental brief, Collins concedes that his challenge to the use of his prior conviction as a predicate offense is foreclosed by our decision in *United States v. Hill*, 799 F.3d 1318 (11th Cir. 2015), where we "held that a prior conviction for resisting an officer with violence categorically qualifies as a violent felony" under the elements clause of the career offender guideline. *Id.* at 1322–23. In the alternative, Collins also concedes that any argument that the residual clause of the career offender guideline is void for vagueness is foreclosed by our recent decision in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015). As we explained in *Matchett*, "[b]ecause there is no

2

constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." *Id.* at 1194–95 (quoting *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990)). Collins disagrees with our precedents, but "[u]nder the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court *en banc* or by the Supreme Court," *United States v. Martinez*, 606 F.3d 1303, 1305 (11th Cir. 2010) (quoting *United States v. Vega–Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008)).

We **AFFIRM** Collins's sentence.