[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11965
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20126-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARK SUDDITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 15, 2015)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lark Suddith appeals his federal conviction for physically assaulting an employee of the United States, in violation of 18 U.S.C. § 111(a)(1).  On appeal, Suddith argues that the district court abused its discretion by rejecting his proposed jury instruction regarding a theory of self-defense based on a security officer's use of excessive force.  After careful review of the record and briefs, we affirm.

## I.    BACKGROUND

### A.    Offense Conduct[1]

On February 20, 2014, Angelo Guagenti, a federal contract security officer, was working in the lobby of the controlled access Claude Pepper Federal Building in Miami, Florida.  Defendant Suddith, who was waiting in the visitors' line to clear security, began using obscenities to loudly complain that other individuals, mainly lawyers and judges, were allowed to skip ahead of him.  Officer Guagenti asked Suddith to calm down and explained to him that he would just have to be patient.  Suddith continued shouting obscenities.  Officer Guagenti again asked Suddith to remain calm and warned Suddith that, if he continued shouting, he would have to leave.

Despite Officer Guagenti's warning, Defendant Suddith continued shouting and cursing.  Officer Guagenti approached Suddith and asked him to step out of the

---

[1]We recount the description of Suddith's offense conduct from the trial transcript and the video recording published to the jury at trial.  The video has no audio.  As discussed later, Officer Guagenti testified as to what was happening as the video was played and paused several times before the jury.

2

line, but Suddith refused to remove himself.  Officer Guagenti then tapped Suddith on the elbow, but Suddith swatted Officer Guagenti's hand away.  At that point, Officer Guagenti could not see Suddith's right side and decided, as a safety precaution, that he would have to forcibly remove Suddith from the line.

Officer Guagenti placed his hands on Suddith's arms and shoulders, forcibly pulled him out of the line, and forcibly moved him towards the entrance hallway of the building.  Once they reached the door to the entrance hallway, Suddith punched Officer Guagenti in the face with a closed fist, which caused Officer Guagenti to temporarily lose his hearing.  Officer Guagenti later suffered neck spasms due to the blow to his face.

## B.    Trial, Charge Conference, and Jury Deliberation

At trial, Officer Guagenti testified for the government and gave his account of the offense conduct.  During Officer Guagenti's testimony, the government published to the jury a video recording of the offense conduct, taken from a lobby security camera.  Officer Guagenti testified as to what was happening as the video was played and paused.  Defendant Suddith did not testify.

After the close of evidence, the district court conducted a charge conference and reviewed the parties' proposed jury instructions.  Defendant Suddith requested that the district court instruct the jury regarding Officer Guagenti's alleged use of excessive force as follows:

3

Federal security officers are prohibited from using unnecessary force against visitors to federal buildings. Any force used by a federal security officer must be reasonable given all the surrounding circumstances.

It is Lark Suddith's theory of defense that although he may have initiated physical contact with the security guard he did so in an effort to resist unnecessary and excessive force which was employed by the federal security officer.

Although an individual is not justified in using force for the purpose of resisting the performance of a duty by a federal security officer within the scope of his official duties, an individual may be justified in using force to resist excessive force used by a federal security officer.

Excessive force is force that was unreasonable or unnecessary under the circumstance, that is, greater than the amount of force that was objectively reasonable.

The reasonableness of a particular use of force depends on the circumstances of each case, including the severity of the offense at issue and whether the suspect poses an immediate threat to the safety of the officer or others.

If you find that Lark Suddith's actions were caused by the federal security officer's use of unnecessary or excessive force, you must find the Defendant not guilty.

The district court asked where there was any evidence that Officer Guagenti used excessive force and Suddith replied that the evidence was in the video, which showed that Officer Guagenti unnecessarily went "hands on" without asking Suddith why he was there that day.

The district court rejected Defendant Suddith's proposed jury instruction after finding that there was neither an evidentiary foundation nor a legal basis to

4

support such an instruction.[2]  Instead, the district court agreed to include an instruction that "[a]ny force used by a federal security officer must be reasonable, given all the surrounding circumstances confronting the federal security officer." Suddith argued, however, that the district court's instruction was confusing, as the jury did not know what to do if it found that the force was unreasonable. Accordingly, Suddith asked the district court to supplement its instruction by stating: "If you find that the force was unreasonable, then you must find the Defendant not guilty."  The district court declined to implement this supplemental language.

After closing arguments, the district court recited its charge to the jury, which ultimately included an instruction that "[a]ny force used by a federal security officer must be reasonable, given all the surrounding circumstances confronting the federal security officer."

During jury deliberations, the district court received a note from the jury, which stated as follows: "If a juror feels that officer used excessive force, then does that mean they are not guilty, or can you feel it was excessive and still think Defendant is guilty?"  Defendant Suddith proposed that the district court respond by stating that, "if the officer used excessive force, then [Suddith] should be found not guilty."  The district court denied Suddith's request, noting that "there is

_____

[2]The district court also rejected the government's alternative proposed self-defense instruction, but Suddith does not challenge the rejection of this alternative instruction on appeal.

neither an evidentiary basis in the record nor is there case law that supports the requested theory of defense instruction." The district court responded to the jury's note as follows: "Members of the jury, you have received all of the Court's instructions on the law that apply to this case. You should consider all of my instructions as a whole."

Initially, the jury was not able to reach a unanimous verdict, but the district court instructed the jury to keep deliberating. The jury ultimately returned a unanimous guilty verdict.

## II.   DISCUSSION[3]

### A.   Jury Instructions

A criminal defendant has the right to a jury instruction on a proposed theory of defense, provided it is a legally cognizable defense and there is some evidence at trial to support the instruction. See United States v. Lanzon, 639 F.3d 1293, 1302 (11th Cir. 2011). The district court, however, is not required sua sponte to instruct the jury on an affirmative defense that has not been requested by the defendant. United States v. Gutierrez, 745 F.3d 463, 472 (11th Cir. 2014).

The district court's refusal to give a requested jury instruction warrants reversal when (1) the requested instruction is a substantially correct statement of the law; (2) the jury charge given did not address the requested instruction; and

---

[3]We review the district court's refusal to give a requested jury instruction for abuse of discretion. Hill, 799 F.3d at 1320.

(3) the failure to give the requested instruction seriously impaired the defendant's ability to present an effective defense.  See United States v. Hill, 799 F.3d 1318, 1320 (11th Cir. 2015); see also United States v. Richardson, 532 F.3d 1279, 1289 (11th Cir. 2008).  Because these elements are stated in the conjunctive, if the requesting party's proposed instruction is not a substantially correct statement of the law, then the district court does not commit reversible error by rejecting it.  See United States v. Jennings, 991 F.2d 725, 731 (11th Cir. 1993).

## B.    Defense to 18 U.S.C. § 111 Crime

The jury convicted Defendant Suddith of physically assaulting an employee of the United States, in violation of 18 U.S.C. § 111(a)(1).  That statute provides that it is a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with any [officer or employee of the United States] while engaged in or on account of the performance of official duties."  18 U.S.C. § 111(a)(1).

A defendant charged under 18 U.S.C. § 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of

7

such force <u>is necessary to avoid this danger</u>." <u>United States v. Middleton</u>, 690 F.2d 820, 826 (11th Cir. 1982) (emphasis added).[4]

## C.    Analysis

Here, the district court did not abuse its discretion in denying Defendant Suddith's proposed jury instruction because that instruction was not a correct statement of the law. <u>Hill</u>, 799 F.3d at 1320; <u>Jennings</u>, 991 F.2d at 731. Suddith's proposed instruction did not include language regarding two requirements: (1) that the defendant reasonably believed he was in "immediate danger of unlawful bodily harm," and (2) that the defendant's use of force was "necessary to avoid this danger." <u>Middleton</u>, 690 F.2d at 826. Specifically, Suddith's proposed instruction did not require the jury to consider whether Suddith reasonably believed that Officer Guagenti placed him in immediate danger of unlawful bodily harm, or whether the degree of force Suddith used was necessary to avoid the immediate danger posed by Officer Guagenti. <u>See</u> <u>id.</u>

Thus, Defendant Suddith's requested jury instruction was not a "substantially correct statement of the law," and, therefore, the district court committed no reversible error in rejecting it. <u>Hill</u>, 799 F.3d at 1320. Moreover, the district court did not err by failing to <u>sua sponte</u> provide the jury with the

---

[4]Defendant Suddith argues that this Court's decision in <u>Jennings</u> established the legal basis for his proposed jury instruction regarding excessive force. <u>Jennings</u>, however, involved the application of rules and regulations of the Bureau of Prisons, codified in the Code of Federal Regulations, that are plainly inapplicable to the present case. <u>See</u> <u>Jennings</u>, 991 F.2d at 731.

correct formulation of a self-defense instruction.  <u>Gutierrez</u>, 745 F.3d at 472.

Because the district court committed no reversible error, we must affirm.[5]

      **AFFIRMED.**

---

[5]Because we conclude that Suddith's proposed jury instruction was not a correct statement of the law, we need not consider the factual sufficiency of Suddith's proposed theory of self-defense.  Accordingly, we express no opinion as to whether there existed a sufficient factual basis to assert a theory of self-defense under the facts of this case.  Nor do we mean to preclude any putative § 111 defendant from asserting a legally cognizable theory of self-defense.