[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11978
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20769-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY JEAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 13, 2016)

Before WILSON, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Johnny Jean appeals his conviction and sentence for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1).  On appeal, Jean argues that the district court erred in denying his motion to suppress because he was arrested without probable cause and the search of his backpack was not a valid search incident to arrest.  He further argues that his prior state convictions for resisting an officer with violence were improperly scored under the Armed Career Criminal Act's (ACCA) residual clause.  He argues that because the residual clause is no longer good law, his convictions of resisting an officer with violence can no longer be considered ACCA predicates.

I.

A. Probable Cause for Arrest

In reviewing a denial of a motion to suppress evidence, "the district court's findings of fact are viewed under the clearly erroneous standard; its application of the law to those facts is subject to de novo review."  *United States v. Steed*, 548 F.3d 961, 966 (11th Cir. 2008) (per curiam).

"The Fourth Amendment permits warrantless arrests in public places where an officer has probable cause to believe that a felony has occurred."  *United States v. Goddard*, 312 F.3d 1360, 1362–63 (11th Cir. 2002) (internal quotation marks omitted).  "To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide whether

2

these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795, 800 (2003) (internal quotation marks and citation omitted); *see also United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989) (probable cause requires fair "probability," not certainty).

Florida Statutes § 784.048(3) provides that "[a] person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person and makes a credible threat to that person commits the offense of aggravated stalking, a felony of the third degree." Fla. Stat. § 784.048(3).

Here, the district court did not err in ruling that the officers had probable cause to arrest Jean for aggravated stalking. The district court properly weighed the testimony presented at the suppression hearing, and we owe deference to its credibility determinations. *See United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003). Law enforcement officers testified to the contents of the text messages Jean sent his girlfriend J.T., including texts reading "imma shoot you right in your f-ing face I promise you that" and "I'm ready to do life in prison for you, and Ima show you"; the repeated calls from Jean to J.T.; his threats to her family; J.T.'s 911 calls the nights of September 29 and 30; and the fact that Jean was arrested while in the vicinity of J.T.'s residence. Additionally, an investigating detective testified that "it appeared to me that it was escalating" and

3

that he was concerned because Jean's voicemails appeared to indicate that Jean was near J.T.'s home when J.T. called the police. Further, J.T. identified Jean via photograph as the person sending the threatening messages and informed officers that Jean carried a gun.

These facts, taken together, were sufficient for the district court to find probable cause to arrest Jean for aggravated stalking because his threats to J.T. and her family were credible threats. *See* Fla. Stat. § 784.048(1) and (3). Here, keeping in mind the deference to the district court in making credibility determinations, the testimony regarding the events leading up to Jean's arrest demonstrate that the district court did not err in concluding the officers had probable cause to arrest Jean for aggravated stalking—a felony offense. The fact that Jean was later charged with being a felon in possession of a firearm, a different offense, does not negate the probable cause to arrest him for aggravated stalking. *See Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S. Ct. 588, 594 (2004).

B. Search Incident to Arrest

"Since the custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment, a search incident to the arrest requires no additional justification." *Goddard*, 312 F.3d at 1364. "[A] search incident to arrest may only include the arrestee's person and the area within his immediate control . . . the area from within which he might gain possession of a

4

weapon or destructible evidence." *Arizona v. Gant*, 556 U.S. 332, 339, 129 S. Ct. 1710, 1716 (2009) (internal quotation marks omitted).  When law enforcement officers arrest a suspect, they may search for weapons and evidence in the suspect's "grab area."  *United States v. Bennett*, 555 F.3d 962, 966 (11th Cir. 2009).

We have found that searches of wallets or bags on or near the arrestee are valid searches incident to arrest under a variety of factual circumstances.  *See United States v. Rosenthal*, 793 F.2d 1214, 1232 (11th Cir. 1986), *modified*, 801 F.2d 378 (11th Cir. 1986) (per curiam) (search of handbag); *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985) (search of wallet); *United States v. Roper*, 681 F.2d 1354, 1357 (11th Cir. 1982) (search of briefcase and book bag). Though Jean was not immediately able to gain possession of the gun once in handcuffs, the bag was found on his person when he was arrested.  Moreover, the arresting officers had probable cause to believe Jean could be carrying a gun—as supported by J.T.'s statement that Jean carried a gun—which would constitute "evidence relevant to the crime of arrest" since Jean was threatening to shoot J.T. *See Gant*, 556 U.S. at 332–33, 129 S. Ct. at 1713.  Even if the search was not valid under our precedent, "the contents of the bag would nevertheless have been admissible because the officers inevitably would have discovered the evidence in a

5

routine inventory search following [Jean's] arrest." *See United States v. Rhind*, 289 F.3d 690, 694 (11th Cir. 2002).

The district court did not err in denying the motion to suppress. Upon hearing testimony at the suppression hearing about the facts and circumstances surrounding Jean's arrest, the district court properly determined that there was probable cause to arrest Jean for aggravated stalking. Further, the district court did not err in determining that the search of Jean's book bag was a valid search incident to arrest.

## II.

We review de novo whether a defendant's prior convictions qualify as violent felonies under the ACCA. *United States v. Petite*, 703 F.3d 1290, 1292 (11th Cir. 2013).

The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a fifteen-year statutory minimum sentence. *See* 18 U.S.C. § 924(e). Recently, the Supreme Court held that the second clause in § 924(e)(2)(B)(ii), commonly known as the residual clause, unconstitutional for vagueness. *Johnson v. United States*, 576 U.S. ___, ___ , 135 S. Ct. 2551, 2557–58 (2015). Thus, a district court will have committed constitutional error under *Johnson* if the court used the residual clause to impose an enhanced sentence. *See id.* at 2563. However, we disregard a

preserved constitutional sentencing error if the error is harmless beyond a reasonable doubt because it does not affect the sentence imposed. *See United States v. Payne*, 763 F.3d 1301, 1304 (11th Cir. 2014).

In *Johnson*, the Supreme Court left undisturbed the remainder of the ACCA's definitions of a violent felony, including the definition of a violent felony under § 924(e)(2)(B)(i), known as the elements clause. *Johnson*, 135 S. Ct. at 2563; *see generally* 18 U.S.C. § 924(e)(2)(B)(i) (defining a violent felony as a crime punishable by more than one year in prison that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). We have recently held post-*Johnson* that a prior conviction under Florida law "for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA." *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) (per curiam).

Jean filed his appeal before our holding in *Hill*. In reply to *Hill*'s holding, Jean merely argues that the government waived its right to argue that Jean's three resisting arrest convictions alternatively qualify under the elements clause. This is unconvincing, because the district court's sentencing error was harmless, *see Payne*, 763 F.3d at 1304, and "we may affirm for any reason supported by the record, even if not relied upon by the district court," *See United States v. Gandy*, 710 F.3d 1234, 1238 (11th Cir. 2013) (per curiam) (internal quotation marks

omitted).  Therefore, we are bound by *Hill*, and find that Jean's prior resisting arrest convictions qualify as a violent felony under the elements clause of the ACCA.  *See* 799 F.3d at 1322.

The district court erred in applying the ACCA's residual clause to classify Jean's prior resisting an officer with violence convictions as violent felonies.  However, the error was harmless.  Because Jean's prior offenses qualify as ACCA predicate offenses under the elements clause, he still qualifies as an armed career criminal.  Accordingly, we affirm.

**AFFIRMED.**