[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10540
Non-Argument Calendar

_____

D.C. Docket No. 3:15-cr-00050-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT F. MATLACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 29, 2016)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Robert Matlack appeals his conviction for attempting to entice an individual

under 14 years of age to engage in a commercial sex act, in violation of 18 U.S.C.

§§ 1591(a)(1), (b)(1), and 1594(a) ("Count 1"), and using a facility and means of

interstate commerce to entice or induce an individual under 18 years of age to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) ("Count 2"). On appeal, he argues that: (1) the district court plainly erred by failing to determine that the government engaged in sentencing factor manipulation; and (2) the district court abused its discretion by declining to give his proposed jury instruction. After careful review, we affirm.

First, we are unpersuaded by Matlack's claim that the district court plainly erred by failing to hold that the government engaged in sentencing factor manipulation. When a party raises an issue for the first time on appeal, as Matlack does here, we review for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1275-76 (11th Cir.2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1276. There can be no plain error where there is no precedent from the Supreme Court or us directly resolving the issue. United States v. Charles, 722 F.3d 1319, 1331 (11th Cir. 2013).

Sentencing factor manipulation occurs when the government manipulates a sting operation to increase a defendant's potential sentence. United States v. Haile,

685 F.3d 1211, 1223 (11th Cir. 2012) (per curiam). When claiming sentencing-factor manipulation, a defendant alleges that although he was predisposed to commit a minor or lesser offense, he was entrapped into committing a greater offense subject to greater punishment. United States v. Bohannon, 476 F.3d 1246, 1252 (11th Cir. 2007). "Sentencing factor manipulation" involves "the opportunities that the sentencing guidelines pose for prosecutors to gerrymander the district court's sentencing options and thus, defendant's sentences." United States v. Sanchez, 138 F.3d 1410, 1414 (11th Cir. 1998) (quotation omitted). "While sentencing entrapment focuses on the defendant's predisposition, sentencing factor manipulation focuses on the government's conduct." Id.

A sentencing factor manipulation claim requires us to consider whether the manipulation inherent in the sting operation, even if insufficiently oppressive to support an entrapment defense, or due process claim, warrants a sentencing reduction. Haile, 685 F.3d at 1223. A reduction to a defendant's sentence is only warranted, however, if the sting operation involved extraordinary misconduct. Id. The party raising the defense of sentencing factor manipulation bears the "burden of establishing that the government's conduct is sufficiently reprehensible." United States v. Ciszkowski, 492 F.3d 1264, 1271 (11th Cir. 2007).

Although we've recognized sentencing factor manipulation as a means for a sentence reduction, we've never applied it. See id. (government's provision of a

3

firearm equipped with a silencer was not sentencing factor manipulation, even though the possession of which triggered a mandatory 30-year minimum sentence); Haile, 685 F.3d at 1223 (government's initiation of a conversation about guns was not manipulation, when it was defendants who agreed to supply the guns, brought the guns to the transaction, and did not reject the offer or express any discomfort with the idea); United States v. Bohannon, 476 F.3d 1246, 1252 (11th Cir. 2007) (government's selection of age of "minor" victim for sting operation was not manipulation even though the selected age resulted in enhancement under the guidelines); United States v. Williams, 456 F.3d 1353, 1370-71 (11th Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85, 93 (2007) (government's purchase of crack cocaine rather than powder cocaine was not manipulation despite sentencing differential); Sanchez, 138 F.3d at 1412-13 (government informant's selection of a fictitious amount of drugs to be stolen by defendants was not manipulation of the quantity).

Pursuant to 18 U.S.C. § 1591(b)(2), the mandatory minimum punishment for enticing an individual under 18 years of age to engage in a commercial sex act is 10 years' imprisonment. However, pursuant to 18 U.S.C. § 1591(b)(1), the mandatory minimum punishment for enticing an individual under 14 years of age to engage in a commercial sex act is 15 years' imprisonment.

Here, we cannot say that the district court erred, much less plainly erred, by failing to hold that the government engaged in sentencing factor manipulation by using a fictitious 12-year-old child to catch Matlack in a crime with an enhanced sentence. While the government was the first to mention a 12-year-old child, it was Matlack who initiated the conversation with the fictitious mother and was the first to mention wanting "young stuff." In cases involving similar circumstances, we've declined to find sentencing factor manipulation. See Haile, 685 F.3d at 1223; Bohannon, 476 F.3d at 1252; Sanchez, 138 F.3d at 1412-13; Williams, 456 F.3d at 1370-71. In each of these cases, it was the defendants, like Matlack, who agreed to the terms, who took steps to engage in the transaction, and who did not reject the offer or express any discomfort with the idea. Indeed, Matlack could have said no to the transaction based on the age of the child, but he did not. And in any event, there can be no plain error where there is no precedent from the Supreme Court or this Court indicating that the government engaged in extraordinary misconduct that amounted to sentencing factor manipulation. See Charles, 722 F.3d at 1331; Ciszkowski, 492 F.3d at 1271.

We also find no merit to Matlack's claim that the district court abused its discretion by declining to give his proposed jury instruction about using a facility and means of interstate commerce to entice an individual under 18 years of age to engage in sexual activity. We review the district court's refusal to submit a

5

defendant's requested jury instruction for abuse of discretion.  United States v. Hill, 799 F.3d 1318, 1320 (11th Cir. 2015).  We consider three factors when determining whether the district court's refusal to give a requested jury instruction warrants reversal: (1) whether the requested instruction is a substantially correct statement of the law; (2) whether the jury charge given addressed the requested instruction; and (3) whether the failure to give the requested instruction seriously impaired the defendant's ability to present an effective defense.  Id.

It is a crime to use a facility and means of interstate commerce to entice or induce an individual under 18 years of age to engage in sexual activity.  18 U.S.C. § 2422(b).  We have held that to "induce" means to attempt to stimulate or cause the minor to engage in sexual activity.  United States v. Murrell, 368 F.3d 1283, 1287 (11th Cir. 2004).

Here, the district court did not abuse its discretion by declining to give Matlack's proposed jury instruction regarding Count 2.  As the record shows, (1) Matlack's requested instruction was based on D.C. Circuit precedent and was an incorrect statement of this Court's law; (2) the jury charge given addressed the correct statement of law under this Court's precedent regarding Count 2; and (3) the failure to give the requested instruction did not impair the Matlack's ability to present an effective defense because the requested instruction was not the law under which Matlack needed to present a defense.  Thus, the district court did not

6

abuse its discretion when it declined to provide Matlack's requested jury instruction that was an incorrect statement of the law and, instead, provided jury instructions with the correct law.

**AFFIRMED**.