[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11993
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cr-14077-RLR-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALDRICK JAMES LOTT,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 8, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Aldrick James Lott raises three arguments aimed at demonstrating that the district court erred in sentencing him. He maintains the district court erred by (1) enhancing his sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), because he had no violent felonies or serious drug offenses; (2) improperly relying on non-*Shepard*[1] documents when sentencing him; and (3) improperly enhancing his sentence with convictions that were neither charged in the indictment nor proven beyond a reasonable doubt. Upon review, we affirm.

Mr. Lott concedes that this Court's binding precedent forecloses the argument that his prior convictions for possession of cocaine with intent to distribute (in violation of Fla. Stat. § 893.13(1)) do not qualify as serious drug offenses under the ACCA. *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014). He also acknowledges that his conviction for resisting arrest with violence (in violation of Fla. Stat. § 843.01) qualifies as a violent felony under the elements clause of the ACCA. *See United States v. Hill*, 799 F.3d 1318, 1323 (11th Cir. 2015). Although Mr. Lott believes *Smith* and *Hill* were wrongly decided, we are bound by those decisions.

Binding precedent also bars Mr. Lott's argument that the prior convictions used to enhance his sentence had to be charged in the indictment and proven beyond a reasonable doubt at trial. *See, e.g.*, *Smith*, 775 F.3d at 1265 ("The

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

Constitution does not require that the government allege in its indictment and prove beyond a reasonable doubt that [a defendant] had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.") (alterations and quotation marks omitted).  So we reject that argument too.

Finally, there is no evidence supporting Mr. Lott's contention that the district court improperly relied on non-*Shepard* documents at sentencing to determine whether his prior convictions qualified as predicates under the ACCA. This claim is predicated on the argument that this Court's published cases wrongly concluded that his Florida convictions categorically qualify under the ACCA.  *See* Hr. Tr., D.E. 69, at 6–11.  The district court, however, merely followed these binding Eleventh Circuit cases.

**AFFIRMED.**

3