[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11147
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00396-SCB-AEP-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LATELLIS EVERETTE,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(August 3, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Latellis Everette appeals his 180-month sentence, imposed within the

applicable advisory guideline range, after he pled guilty to one count of being a

felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Because binding precedent forecloses Mr. Everette's argument on appeal, we affirm.

We generally review *de novo* whether a defendant's prior conviction qualifies as a violent felony under the Armed Career Criminal Act. *See United States v. Hill*, 799 F.3d 1318, 1321 (11th Cir. 2015). The ACCA carries a mandatory minimum sentence of 15 years' imprisonment when a defendant "has three prior convictions for a violent felony or serious drug offense." *Id*. (citing § 924(e)(1).

Here, Mr. Everette had four ACCA-qualifying predicate offenses, and the district court therefore sentenced him to the statutory minimum of 15 years' (or 180 months') imprisonment. Mr. Everette does not challenge two of the underlying offenses that led to his classification as an armed career criminal, but contends that his two 1992 Florida armed robbery convictions are not "violent felonies" under the ACCA.[1]

Mr. Everette concedes that his argument is foreclosed by binding circuit precedent, *see* Br. of Appellant at 5, but raises the issue only to preserve it for further review. *See United States v. Fritts*, 841 F.3d 937, 944 (11th Cir. 2016)

---

[1] Based on a total offense level of 30 and a criminal history category of V, the advisory guidelines range was 151 to 188 months' imprisonment. Mr. Everette's predicate offenses included an aggravated assault, a sale of a controlled substance, and two armed robberies committed on separate occasions.

(holding that a defendant's 1989 armed robbery conviction under Fla. Stat. § 812.13 categorically qualifies as a "violent felony" under the ACCA's elements clause), *cert. denied*, No. 16-7883, 2017 WL 554569 (U.S. June 19, 2017).  *See also United States v. Seabrooks*, 839 F.3d 1326, 1341 (11th Cir. 2016) (holding that a defendant's 1995 armed robbery conviction under Fla. Stat. § 812.13 categorically qualifies as a "violent felony" under the ACCA), *cert. denied*, No. 16-8072, 2017 WL 715744 (U.S. June 19, 2017).

Because we are bound by the decisions of prior panels until they are overruled by this court sitting en banc or by the Supreme Court, s*ee United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc), we affirm Mr. Everette's sentence.[2]

**AFFIRMED.**

---

[2] Although we denied the government's motion for summary affirmance in May of 2017, we allowed the government to use that motion as its response brief for this appeal.