[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15100
Non-Argument Calendar
_____

D.C. Docket Nos. 6:12-cv-01746-GAP-KRS; 6:08-cr-00054-GAP-KRS-1

ANTHONY GRANT JACKSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 4, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Grant Jackson appeals the denial of his 28 U.S.C. § 2255 motion to vacate his sentence.  On appeal, Jackson argues that he does not have three qualifying Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), predicate offenses.[1]

In a section 2255 proceeding, we review legal issues de novo and factual findings for clear error.  *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999) (per curiam).  A district court's determination that a conviction qualifies as a violent felony under the ACCA is reviewed de novo.  *United States v. Gandy*, 710 F.3d 1234, 1236 (11th Cir. 2013) (per curiam).

We have recently reaffirmed that Florida armed robbery qualifies as a violent felony under the ACCA's elements clause.  *See United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016).  We have also held that Florida resisting arrest with violence is a violent felony under the ACCA's elements clause.  *See United States v. Hill*, 799 F.3d 1318, 1322–23 (11th Cir. 2015) (per curiam).  A "prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Here, the district court did not err by denying Jackson's § 2255 motion. Jackson has a prior conviction for Florida armed robbery and a prior conviction for

---

[1] The United States has waived its defense of procedural default, so we do not discuss it here.

Florida resisting arrest with violence, both of which qualify as violent felonies under the ACCA's elements clause based on our binding precedent. [2] To the extent that Jackson asserts that those decisions were wrongly decided, we remain bound by those holdings until they are overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc. Thus, combined with his "serious drug offense" predicate offense, Jackson has three ACCA qualifying predicate offenses.

**AFFIRMED.**

---

[2] Jackson also has a conviction for delivery of cocaine, and he does not challenge that it qualifies as a serious drug offense.