[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-10946

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DOROTHY PEARL SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:17-cr-00246-BJD-JBT-1

_____

Before ROSENBAUM, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Dorothy Smith appeals her 96-month sentence imposed after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Smith pleaded guilty to possessing a firearm after being convicted of at least one felony, including three convictions for aggravated assault, resulting in her classification as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  Smith asserts her prior Florida aggravated assault convictions do not qualify as violent felonies under the ACCA's elements clause.  Specifically, she contends the Florida aggravated assault statute criminalized reckless conduct, and thus the least culpable conduct criminalized was broader than the language of the ACCA's elements clause.[1]

We recently rejected this argument in *Somers v. United States*, No. 19-11484, 2023 WL 3067033 (11th Cir. Apr. 25, 2023).  After the Supreme Court held in *Borden v. United States*, 141 S. Ct. 1817, 1829-30 n.6 (2021), "that offenses that can be committed with a *mens rea* of recklessness do not satisfy the elements clause of the

_____

[1] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another[.]"  18 U.S.C. § 924(e)(2)(B).  "This definition is often referred to as the 'elements clause.'"  *Somers v. United States*, No. 19-11484, 2023 WL 3067033, at *3 (11th Cir. Apr. 25, 2023).

ACCA," *Somers*, 2023 WL 3067033, at *4, this Court certified questions to the Florida Supreme Court regarding the *mens rea* required for a Florida aggravated assault conviction, *id.* at *2. The Florida Supreme Court held the Florida aggravated assault statute demands the specific intent to direct a threat at another person and therefore cannot be violated by a reckless act. *Somers v. United States*, 355 So. 3d 887, 891 (Fla. 2022). Based on the Florida Supreme Court's answer to our certified questions that aggravated assault under Florida law requires a *mens rea* of at least knowing conduct, we held aggravated assault under Florida law qualifies as an ACCA predicate offense under *Borden*. *Somers*, 2023 WL 3067033, at *1.

After review,[2] we affirm Smith's sentence. Smith's argument is foreclosed by our precedent in *Somers*. The district court did not err in classifying Smith as an armed career criminal because Smith's Florida aggravated assault convictions qualify as violent felonies.

**AFFIRMED.**

---

[2] "We review *de novo* whether a defendant's prior convictions qualify as violent felonies under the ACCA." *United States v. Hill*, 799 F.3d 1318, 1321 (11th Cir. 2015).