[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-12386

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DETERRIO MONTRAZ YOUNG,

Defendant- Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00387-TPB-CPT-1

————————————

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Deterrio Young appeals his 190-month sentence for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  He argues that his prior state convictions for resisting an officer with violence, in violation of Fla. Stat. § 843.01, are not violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), after the Supreme Court's decision in *United States v. Borden*, 593 U.S. 420 (2021).[1]

We review *de novo* whether a prior conviction qualifies as a "violent felony" under the ACCA.  *United States v. Joyner*, 882 F.3d 1369, 1377 (11th Cir. 2018).

The ACCA imposes a mandatory minimum term of imprisonment of 15 years for those who violate 18 U.S.C. § 922(g) and who have been convicted 3 times of violent felonies or serious drug offenses.  18 U.S.C. § 924(e)(1).  Under the elements clause of the ACCA, a "violent felony" is a crime punishable by more than one year's imprisonment that "has an element of the use, attempted use, or threatened use of physical force against the person of another."  *Id.*  § 924(e)(2)(B)(i).

---

[1] Young also argues that his two prior Florida convictions are not crimes of violence under the Sentencing Guidelines.  However, because Young was sentenced under the ACCA, we need not reach this argument.

Under Florida Statute § 843.01, any person who "knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer," is guilty of resisting an officer with violence. Fla. Stat. § 843.01(1).  Florida courts interpreting § 843.01 have held that "violence is a necessary element of the offense." *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) (citing cases).

In *Romo-Villalobos*, we observed that the Florida Supreme Court held that § 843.01 requires "a general intent to 'knowingly and willfully' impede an officer in the performance of his or her duties" in concluding that the offense categorically qualified as a violent felony under the elements clause of the ACCA, and therefore in turn the elements clause of the Sentencing Guidelines. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1250-51 (11th Cir. 2012) (citing *Frey v. State*, 708 So.2d 918 (Fla. 1998)).  While *Romo-Villalobos* ultimately concerned the application of the elements clause of the Sentencing Guidelines, we noted that Fla. Stat. § 843.01 "is sufficient for liability under the first prong of the ACCA," which uses the same language as the elements clause of the Sentencing Guidelines, and reasoned that, based on Florida's interpretation of § 843.01, the statute could not be violated by a *de minimis* use of force or a *men rea* of recklessness.  *Id.* at 1247-51.  Our decision in *Hill* then reaffirmed that Fla. Stat. § 843.01 qualified as a violent felony under the elements clause of the ACCA.  *Hill*, 799 F.3d at 1322.  Since *Hill*, our other decisions have reaffirmed that a Florida conviction for resisting arrest with violence under Fla. Stat. § 843.01 is categorically a violent felony under the elements clause

of the ACCA. *See Joyner*, 882 F.3d at 1378; *United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018).

In *Borden*, the Supreme Court concluded that criminal offenses with a *mens rea* of recklessness cannot qualify as a "violent felony" under the ACCA's elements clause to enhance a defendant's sentence. *See Borden*, 593 U.S. at 423 (plurality opinion); *id.* at 446 (Thomas, J., concurring). A four-justice plurality explained that its conclusion followed from the statutory text, because the phrase "against another," when read in conjunction with the "use of physical force," required that the perpetrator direct force at another individual in a way that mere recklessness does not require. *Id.* at 429 (plurality opinion). The plurality noted that the term "violent felony" envisioned "violent, active crimes" that involve the purposeful choice of wreaking harm, rather than a mere indifference to risk. *Id.* at 438 (plurality opinion). The plurality then added that classifying recklessness crimes as "violent felonies" would conflict with the ACCA's purpose to impose heightened punishment on the most dangerous offenders. *Id.* at 439-40 (plurality opinion).

In a separate concurring opinion, Justice Thomas reached the same ultimate conclusion, opining, in relevant part, that recklessness crimes do not have as an element "the use of physical force," which applies only to intentional acts designed to cause harm. *Id.* at 446 (Thomas, J., concurring). Ultimately, the Court reversed and remanded Borden's ACCA-enhanced sentence, which had been based in part on a prior Tennessee conviction for reckless

23-12386                Opinion of the Court                5

aggravated assault.  *Id.* at 423, 445 (plurality opinion); *id.* at 446 (Thomas, J., concurring).[2]

Under the prior panel precedent rule, we are "bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc."  *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).  "The prior panel precedent rule applies regardless of whether the later panel believes the prior panel's opinion to be correct, and there is no exception to the rule where the prior panel failed to consider arguments raised before a later panel."  *Id.*  "To overrule or abrogate a prior panel's decision, the subsequent Supreme Court or en banc decision must be clearly on point and must actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel."  *Id.* (quotation marks omitted).

Here, the district court did not err in determining that Young's two prior state convictions under Fla. Stat. § 843.01 qualified as violent felonies and therefore predicate offenses under the ACCA, as we have concluded that such convictions are categorically violent felonies under the ACCA's elements clause.  *Borden*,

---

[2] When the Supreme Court decides a case, and "no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds."  *Marks v. United States*, 430 U.S. 188, 193 (1977) (quotation marks omitted).  We must impose the narrowest ground of the Supreme Court's plurality decisions.  *Greater Birmingham Ministries v. Sec'y of Ala.*, 992 F.3d 1299, 1318-19 n.31 (11th Cir. 2021).

which merely held that criminal offenses requiring a *mens rea* of recklessness cannot serve as violent felonies under the ACCA's elements clause, did not overrule this precedent or undermine it to the point of abrogation, because our pre-*Borden* precedent had already held that an offense under Fla. Stat. § 843.01 cannot be committed with a *mens rea* of recklessness.

Although we affirm Young's sentence, there is a clerical error in his judgment. We may *sua sponte* raise clerical errors and remand with instructions to correct them. *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). The judgment described the statutory provisions Young violates as 18 U.S.C. § 922(g)(1) and "§ 924(a)(2)." But Young was convicted for violating 18 U.S.C. § 922(g)(1) and § 924(e). Accordingly, we remand to the district court with instructions to amend the judgment to correct the clerical error.

**AFFIRMED IN PART; REMANDED IN PART.**