[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11020

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plantiff-Appellee,

*versus*

MARC RONALD JACQUES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20216-DPG-1

————————————————

Before ROSENBAUM, ABUDU, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Marc Ronald Jacques appeals his 144 months' sentence for carjacking, in violation of 18 U.S.C. § 2119(1). Jacques argues that the district court erred in finding that his prior Florida conviction for resisting an officer with violence qualified as a predicate crime of violence for the purposes of his career-offender-sentencing enhancement. Having read the parties' briefs and reviewed the record, we affirm Jacques's sentence.

## I.

"We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the sentencing guidelines." *United States v. Romo-Villalobos*, 674 F.3d 1246, 1247 (11th Cir. 2012).

## II.

Pursuant to United States Sentencing Guideline (USSG) §4B1.1, a defendant is a career offender and subject to a minimum adjusted offense level and minimum criminal history category if (1) he is at least 18 years old; (2) his instant offense of conviction is a felony that is a controlled substance offense or a crime of violence; and (3) he has at least two prior felony convictions for a controlled substance offense or a crime of violence. A crime of violence under the guideline is defined as any felony offense that meets either the elements clause or the enumerated offenses clause, which, respectively, require that the felony "(1) has as an element the use,

attempted use, or threatened use of physical force against the person of another; or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm." USSG §4B1.2. A court generally applies the categorical approach to determine if a prior conviction qualifies as a crime of violence that triggers the application of the career offender enhancement. *See United States v. Vail-Bailon*, 868 F.3d 1293, 1296 (11th Cir. 2017) (*en banc*). This approach requires a court to look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159 (1990).

Under Florida Statutes § 843.01, any person who "knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer," is guilty of resisting an officer with violence. Fla. Stat. § 843.01(1). Florida courts interpreting § 843.01 have held that "violence is a necessary element of the offense." *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) (citing cases).

We have held that a conviction for resisting an officer with violence, in violation of Fla. Stat. § 843.01, categorically qualifies as a crime of violence, under the elements clause of the guidelines, because violence is a necessary element of the offense, and it could not be committed by a *de minimis* use of force or with a *mens rea* of recklessness. *Romo-Villalobos*, 674 F.3d at 1247-49. But the *Romo-*

*Villalobos* Court also noted that the statute "does not require a specific intent to commit the offense." *Id.* at 1250-51.  Since then, we have reaffirmed our conclusion that a Florida conviction for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA. *United States v. Joyner*, 882 F.3d 1369, 1378 (11th Cir. 2018); *Hill*, 799 F.3d at 1322-23.

Under the prior-panel-precedent rule, we are "bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).  "The prior panel precedent rule applies regardless of whether the later panel believes the prior panel's opinion to be correct, and there is no exception to the rule where the prior panel failed to consider arguments raised before a later panel." *Id.*  "To overrule or abrogate a prior panel's decision, the subsequent Supreme Court or en banc decision must be clearly on point and must actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.* (quotation marks omitted).

## III.

The record here demonstrates that the district court did not err in determining that Jacques's prior Florida conviction for resisting an officer with violence qualified as a predicate crime of violence for the purposes of his career-offender-sentencing enhancement.  Contrary to Jacques's argument, *Borden v. United States*, 593 U.S. 420, 141 S. Ct. 1817 (2021), does not cast doubt on our

decisions in *Joyner*, 882 F.3d at 1378. and *United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018). In *Borden*, the Supreme Court examined whether a criminal offense can count as a "violent felony" if it requires only a means rea of recklessness – a less culpable mental state than purpose or knowledge – and held that it cannot so qualify. *Id.* at 423, 429-445, 141 S. Ct. at 1821-22, 1827-34. This Supreme Court decision is not "clearly on point" and does not "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (internal quotation marks omitted). Thus, our binding precedent, that Florida convictions for resisting an officer with violence are categorically crimes of violence under the elements clause of the guidelines, is still good law.

Accordingly, based on the aforementioned reasons, we affirm Jacques's sentence.

**AFFIRMED.**