[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13967
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60089-BB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR ANTUNES-RIVERA,
a.k.a. Angel Cordova,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 10, 2016)


Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Hector Antunes-Rivera appeals his 41-month sentence for illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326(a).  He raises two issues on appeal, which we address in turn.  After review,[1] we affirm Antunes-Rivera's sentence.

## I.  DISCUSSION

### A.  *Application of sentencing enhancement*

Antunes-Rivera first argues the district court incorrectly imposed a 16-level enhancement for a prior Florida conviction that did not qualify as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Specifically, he contends Florida's resisting-with-violence statute, Fla. Stat. § 843.01, criminalizes behavior such as wiggling and struggling, which does not meet the definition of "use of physical force" as defined in *Johnson v. United States* , 559 U.S. 133 (2010), and that pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), we are required to assume that his conviction rested upon nothing more than wiggling and struggling.  He also asserts our precedent in *United States v. Romo-Villalobos,* 674 F.3d 1246 (11th Cir. 2012), is in conflict with Supreme Court precedent in *Leocal v. Ashcroft*, 543 U.S. 1 (2004).

---

[1] "We review *de novo* whether a prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines."  *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011). We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc).

Under the Sentencing Guidelines, § 2L1.2 sets a base offense level of eight for a defendant convicted of unlawful reentry into the United States.  U.S.S.G. § 2L1.2(a).  A defendant will receive a 16-level enhancement if he was previously deported following a conviction for a felony that is a crime of violence.  U.S.S.G. § 2L1.2(b)(1)(A)(ii).  For the purposes of this enhancement, the Guidelines define a crime of violence as:

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*Id.* § 2L1.2, comment. n.1(B)(iii).  The Florida statute under which Antunes-Rivera was convicted provides that "[w]hoever knowingly and willfully resists, obstructs, or opposes any officer . . . by offering or doing violence to the person of such officer . . . is guilty of a felony of the third degree."  Fla. Stat. § 843.01.

In *Romo-Villalobos*, using the categorical approach, we held that a conviction under § 843.01, for resisting an officer with violence, was a "crime of violence" for purposes of § 2L1.2(b)(1)(A)(ii) because Florida courts have held that violence is a necessary element of § 843.01.  674 F.3d at 1248-51.  In so holding, we rejected the defendant's argument that Florida courts have held that the element of violence in § 843.01 can be satisfied by *de minimis* force, such as

3

wiggling or struggling. *Id.* at 1249.   We also rejected the defendant's argument that §843.01, a general intent crime, can be violated with mere reckless conduct. *Id.* at 1250-51.

The district court did not err in imposing the 16-level enhancement. Antunes-Rivera's argument that § 843.01 is not a crime of violence under § 2L1.2 is foreclosed by *Romo-Villalobos,* and we are bound by that opinion until it is overruled or undermined to the point of abrogation by the Supreme Court or this Court sitting *en banc*. *See Romo-Villalobos,* 674 F.3d at 1248-51; *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating we must follow the holding of a prior panel of this Court "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*").

*Descamps* and *Moncrieffe* did not undermine *Romo-Villalobos* to the point of abrogation, as this Court did not fail to assume that the defendant's conviction rested upon the least act criminalized. *See Moncrieffe,* 133 S. Ct. at 1682, 1684 (holding, in the context of determining whether a state conviction qualified as an "aggravated felony" under the Immigration and Naturalization Act, that, if a statute criminalizes several acts, a court must assume "that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic offense" (quotations and alterations omitted)); *Descamps*, 133 S. Ct. at 2281 (holding, under the categorical

4

approach, the prior conviction qualifies as a predicate offense only if the statute's elements are the same as, or narrower than, those of the generic offense). Rather, this Court rejected the defendant's argument that § 843.01 criminalized wiggling or struggling. *Romo-Villalobos*, 674 F.3d at 1249. Moreover, this Court reaffirmed that § 843.01 categorically qualified as a violent felony after *Descamps* and *Moncrieffe* were decided. *See United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) (holding a Florida conviction for resisting an officer with violence under § 843.01 was categorically a violent felony under the ACCA's elements clause); *see also United States v. Palomino-Garcia*, 606 F.3d 1317, 1328 (11th Cir. 2010) (recognizing we have employed ACCA's categorical approach in cases that interpret guideline enhancements).

Antunes-Rivera's argument that *Romo-Villalobos* is in conflict with *Leocal* also lacks merit. *See Leocal*, 543 U.S. at 3-4, 9, 11 (concluding Florida's drunk driving statute did not meet the definition of "crime of violence" under 18 U.S.C. § 16 because an individual could be convicted under the statute for negligent or accidental conduct, and a crime of violence must involve "active employment" of physical force). Antunes-Rivera was convicted of "unlawfully, knowingly, and willfully resist[ing], obstruct[ing] or oppos[ing]" an officer in the lawful executing of a legal duty by offering or doing violence to the officer in the lawful execution of a legal duty by offering or doing violence to the officer, and this Court expressly

5

held that intentional or knowing action may satisfy the "use of physical force" requirement under § 2L1.2's definition of a "crime of violence." *Palomino Garcia*, 606 F.3d at 1336 (determining, in light of *Leocal*, that a conviction predicated on a *mens rea* of recklessness did not satisfy the "use of physical force" requirement under § 2L1.2's definition of a "crime of violence").

Accordingly, the district court did not err in imposing a 16-level enhancement because Antunes-Rivera's resisting-with-violence conviction is a crime of violence for purposes of § 2L1.2, and we affirm on this issue.

B. *Substantive reasonableness*

Second, Antunes-Rivera argues the district imposed a substantively unreasonable sentence because his sentence was greater than necessary to achieve the purposes of sentencing, and the district court failed to adequately explain why a sentence even more below the advisory guideline range would not accomplish the goals of sentencing.

Antunes-Rivera has failed to satisfy his burden of showing that the district court imposed an unreasonable sentence in light of both the record and the factors in § 3553(a). *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006) (stating a party who challenges a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)" (quotations and alteration omitted)). His 41-month sentence is

below the advisory guideline range, and well below the statutory maximum sentence of 20 years. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (using the fact a sentence is well below the statutory maximum is an indicator of reasonableness). Moreover, his combined state and federal sentence— a total of 52 months and 25 days—is also within the advisory guideline range, and well below the statutory maximum sentence. Antunes-Rivera's history and characteristics, as well as the district court's stated need to promote respect for the law, serve as an adequate deterrent, and reflect the seriousness of the crime, support a finding that the district court did not commit a clear error of judgment in weighing the § 3553(a) factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (explaining a court abuses it discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably). Further, the district court did not give an improper or irrelevant factor significant weight when it considered the nature of the offense, noting that Antunes-Rivera violated both state and federal law and should be sentenced as such. *See* 18 U.S.C. 3553(a)(1).

## II.  CONCLUSION

Accordingly, we affirm Antunes-Rivera's sentence.

**AFFIRMED.**