[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11322
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20554-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RALPH PATRICK MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 14, 2017)

Before MARTIN, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Ralph Martin appeals his 180-month sentence imposed under the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

I.

On December 9, 2016, Martin pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). The probation office prepared a presentence investigation report ("PSR") that designated Martin as an armed career criminal under the ACCA. The PSR identified three prior felony convictions that served as ACCA predicate offenses: (1) possession with intent to sell or deliver cocaine within 1,000 feet of a school in violation of Fla. Stat. § 893.13(1)(c); (2) possession with intent to sell or deliver cocaine in violation of Fla. Stat. § 893.13(1)(a); and (3) resisting a police officer with violence in violation of Fla. Stat. § 843.01.

Martin objected to the PSR, arguing that his drug convictions did not qualify as "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A) and that his conviction for resisting an officer with violence did not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i). He also argued it would be unconstitutional for the district court to enhance his sentence based on prior convictions that were neither alleged in the indictment nor admitted to in his plea.

At a sentence hearing on March 14, 2017, the district court overruled Martin's objections, adopted the findings of the PSR, and determined that Martin qualified as an armed career criminal. Martin was sentenced to 180-months imprisonment.

2

Martin now appeals, raising the same arguments he raised in the district court that his prior felony convictions do not qualify as ACCA predicate offenses and that his sentence was unconstitutionally enhanced based on prior convictions not alleged in the indictment or admitted to in his plea.  Martin acknowledges that his arguments are foreclosed by binding precedent from this Court and the United States Supreme Court.  He nonetheless presents these arguments to preserve them for further appeal, and we will consider them in turn.

## II.

We review de novo whether a prior conviction is a predicate offense within the meaning of the ACCA.  United States v. Robinson, 583 F.3d 1292, 1294 (11th Cir. 2009) (per curiam).  We also review de novo constitutional challenges to a sentence.  United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).  "Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court."  United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (quotation omitted).

## III.

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year prison sentence if he has three prior convictions for a serious drug offense or a violent felony.  18 U.S.C. § 924(e)(1).

A "serious drug offense" is defined, in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. § 924(e)(2)(A)(ii). In determining whether a conviction qualifies as an ACCA predicate offense, courts generally apply a categorical approach, looking no further than the fact of conviction and the statutory definition of the prior offense. See United States v. Estrella, 758 F.3d 1239, 1244–45 (11th Cir. 2014).

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine as a second-degree felony. See Fla. Stat. §§ 893.03(2)(a), 893.13(1)(a)(1). Second-degree felonies are punishable by up to 15-years imprisonment. Id. § 775.082(3)(d). In United States v. Smith, 775 F.3d 1262 (11th Cir. 2014), we held that a violation of Fla. Stat. § 893.13(1) is a serious drug offense under the ACCA. Id. at 1267–68.

The district court did not err in categorizing Martin's drug convictions as ACCA predicate offenses because, pursuant to our holding in Smith, his two Florida convictions for possession with intent to sell cocaine qualify as serious drug offenses under the ACCA, see Smith, 775 F.3d at 1267–68, and we are bound by that decision, Vega-Castillo, 540 F.3d at 1236.

4

IV.

The elements clause of the ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Under Florida law it is a third-degree felony to resist, obstruct, or oppose any law enforcement officer "by offering or doing violence to the person of such officer." Fla. Stat. § 843.01. Third-degree felonies are punishable by up to 5-years imprisonment. Id. § 775.082(3)(e).

In United States v. Hill, 799 F.3d 1318 (11th Cir. 2015) (per curiam), this Court held that a prior Florida conviction for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA. Id. at 1322–23; see also United States v. Romo-Villalobos, 674 F.3d 1246, 1251 (11th Cir. 2012) (per curiam) ("[A] conviction under Florida Statute § 843.01 is sufficient for liability under the first prong of the ACCA." (quotation omitted)).

Martin's argument as to this predicate offense is foreclosed by our holding in Hill. The district court did not err in concluding that Martin's conviction under Fla. Stat. § 843.01 qualified as a violent felony for the purpose of sentencing him under the ACCA.

V.

Facts that increase a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt.  Alleyne v. United States, 570 U.S. 99, __, 133 S. Ct. 2151, 2162–63 (2013).  The fact of a prior conviction, however, is not an "element" of the crime that must be submitted to the jury.  Almendarez-Torres v. United States, 523 U.S. 224, 226–27, 118 S. Ct. 1219, 1222 (1998).  While there may be "some tension between Almendarez-Torres . . . and Alleyne," we have previously stated that "we are bound to follow Almendarez-Torres unless and until the Supreme Court itself overrules that decision."  United States v. Harris, 741 F.3d 1245, 1250 (11th Cir. 2014) (quotation omitted).

In light of the rule expressed in Almendarez-Torres, the district court was correct to apply the ACCA enhancement to Martin's sentence based on prior convictions not charged in the indictment nor proven to a jury beyond a reasonable doubt.  See Almendarez-Torres, 523 U.S. at 226–27, 118 S. Ct. at 1222.

**AFFIRMED.**

6