[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13438

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER E. BARNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:23-cr-00017-WLS-TQL-1

_____

Before JORDAN, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Christopher Barnes appeals his conviction and 27-month sentence for possession of a firearm (a 9mm pistol) by a convicted felon. On appeal, he argues that: (1) the district court clearly erred in finding that he constructively possessed two additional firearms (a rifle and a Glock) found in the motel room where he was arrested and abused its discretion in imposing a two-level sentencing enhancement based on this finding; and (2) his conviction under 18 U.S.C. § 922(g)(1) is both facially unconstitutional and unconstitutional as applied to him under the Second Amendment, pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). After careful review, we affirm.

## I.

While we normally review sentences for abuse of discretion, we review a district court's factual findings "for clear error, and its application of those facts to justify a sentencing enhancement . . . *de novo*." *United States v. Ware*, 69 F.4th 830, 854 (11th Cir. 2023) (quotations omitted). For sentencing purposes, whether a defendant possessed a firearm is a question we review for clear error. *United States v. Stallings*, 463 F.3d 1218, 1220–21 (11th Cir. 2006).

We also generally review the constitutionality of a statute *de novo*. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (involving a challenge to § 922(g)(1) on Commerce Clause grounds). However, when a defendant raises this kind of challenge

for the first time on appeal, we review only for plain error. *Id.* To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We are bound to adhere to our prior panel precedent unless that precedent has been abrogated by this Court sitting *en banc* or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotations omitted). To abrogate precedent, the Supreme Court must also "demolish and eviscerate each of its fundamental props." *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (quotations omitted).

## II.

First, we are unpersuaded by Barnes's claim that the district court clearly erred in finding that he possessed three firearms found in the motel room where he was arrested for purposes of imposing a two-level sentencing enhancement. Convictions under 18 U.S.C. § 922(g)(1) are sentenced according to U.S.S.G. § 2K2.1. *See* U.S.S.G. § 2K2.1 comment. Under U.S.S.G. § 2K2.1(b)(1), when an individual is sentenced for an offense that involves three to seven firearms,

the defendant's sentence shall be increased by two levels.  U.S.S.G. § 2K2.1(b)(1)(A).

"When the government seeks to apply an enhancement under the Sentencing Guidelines over the defendant's factual objection, the government has the burden of introducing sufficient and reliable evidence to prove the necessary facts by a preponderance of the evidence." *United States v. Grady*, 18 F.4th 1275, 1291–92 (11th Cir. 2021).  "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the [Presentence Investigation Report ('PSI')], or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). Where a defendant fails to object to facts contained in the PSI, those facts are deemed admitted for sentencing purposes.  *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005).

A felon may unlawfully possess a firearm through actual or constructive possession.  *United States v. Hill*, 799 F.3d 1318, 1321 (11th Cir. 2015).  "A defendant is in constructive possession of a firearm when the defendant does not actually possess the firearm but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm." *Id.* (quotations omitted). "A defendant's presence in the vicinity of a firearm or mere association with another who possesses that gun is insufficient; however, at the same time, the firearm need not be on or near the defendant's person in order to amount to knowing possession." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (cleaned up).  So, as

23-13438                 Opinion of the Court                 5

long as the government proves the defendant "(1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm, the defendant's constructive possession of that firearm is shown." *Id.* Constructive possession may be proven by direct or circumstantial evidence. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014). A defendant may constructively possess an item either exclusively or in association with others. *See United States v. Cabezas-Montano*, 949 F.3d 567, 596 (11th Cir. 2020).

According to the PSI, Barnes's offense of conviction arose out of an incident at a hotel room in Tifton, Georigia, where law enforcement had been conducting surveillance of a wanted person, Stephanie Whiddon. When law enforcement approached the room and took Whiddon into custody, they saw Barnes reach under the bed. During a pat-down of Barnes, law enforcement offense found a 9mm pistol loaded with eleven rounds in Barnes's waistband. The officers also found a rifle under a blanket on the bed near where Barnes was initially seen, along with a Glock on the dresser and a small amount of suspected marijuana on the nightstand. After being given his *Miranda* rights, Barnes said he had been staying with Whiddon to "get space" from his family, he had no knowledge of the firearms before he woke up, and he had only recently placed the pistol in his waistband while "helping Whiddon move everything" into a vehicle. Whiddon told law enforcement officers that the firearms all belonged to her.

Barnes pleaded guilty to being a felon in possession of a firearm.  In preparation for sentencing, Barnes's PSI added two-levels to his offense level because the relevant conduct involved *three* firearms -- the pistol, the rifle and the Glock -- under U.S.S.G. § 2K2.1(b)(1)(A).  At his sentencing hearing, Barnes argued that the two-level enhancement based on his possession of three firearms -- which included his constructive possession of the rifle and the Glock -- was not warranted.  The district court disagreed, reasoning that, "[u]nder the most favorable circumstances," Barnes was in a room where he knew firearms were present, he was assisting Whiddon with removing items from the room, and he placed one of the firearms into his waistband.  The district court stressed that it was "a totally plausible inference that [Barnes] was knowingly assisting [Whiddon] at a minimum in moving those . . . firearms," in part because Barnes had placed the pistol into his waistband, and that, as a convicted felon, Barnes knew "he had no business being in contact in the vicinity of firearms whatsoever."  The court concluded that, under the totality of the circumstances, Barnes was actively assisting Whiddon in moving all three firearms.

On this record, the district court did not clearly err in finding by a preponderance of the evidence that Barnes constructively possessed the rifle and the Glock.  *See Stallings*, 463 F.3d at 1220–21; *Grady*, 18 F.4th at 1291–92.  Notably, when Barnes objected to the imposition of the § 2K2.1(b)(1)(A) enhancement, he did not object to the statement contained in the PSI that he was "helping Whiddon move everything" from the motel room to the truck, rendering it an admissible fact for sentencing purposes.  *See Shelton*, 400

F.3d at 1330.[1]   Additionally, in a recording of Barnes's statement to law enforcement that was played for the court, he responded to a question about the pistol in his waistband by saying that "it was in the room . . . I just was picking up my, uh, my stuff, and I was just taking it to the truck."  On this record, it was not clearly erroneous for the district court to conclude that, by a preponderance of the evidence, Barnes intended to move the rifle and the Glock to the truck and therefore constructively possessed the two firearms.  *See Grady*, 18 F.4th at 1291–92; *Polar*, 369 F.3d at 1255; *Howard*, 742 F.3d at 1341.  Accordingly, the district court did not clearly err in finding that Barnes had possessed all three firearms and therefore did not err in applying the two-level enhancement under § 2K2.1(b)(1)(A).  *See Ware*, 69 F.4th at 854.

### III.

We also find no merit to Barnes's claim that his conviction under 18 U.S.C. § 922(g)(1) is both facially unconstitutional and

---

[1] As for Barnes's argument that the district court clearly erred in finding that he'd told law enforcement that he was helping Whiddon move *her* possessions, the district court never made that finding.  Instead, the court found that Barnes was "assisting [Whiddon] at a minimum in moving those . . . firearms."  Regardless, the court did not impose the enhancement based solely on the statement in the PSI; the court made clear its ruling was based on the "totality of the circumstances."  As for Barnes's argument that the court erroneously held the government to a plausibility evidentiary standard rather a preponderance-of-the-evidence standard, the record belies this claim.  Among other things, the court expressly applied the enhancement "based upon a preponderance of the evidence and the appropriate inferences made from the circumstances."

unconstitutional as applied to him.  The Second Amendment protects the right to keep and bear arms.  U.S. Const. amend. II.  The federal felon-in-possession statute prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from keeping a firearm or ammunition.  18 U.S.C. § 922(g)(1).  To obtain a conviction under § 922(g)(1), the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 588 U.S. 225, 237 (2019).

In *District of Columbia v. Heller*, the Supreme Court considered a "law-abiding" citizen's challenge to the District of Columbia's total ban on handgun possession, including possession in the home.  554 U.S. 570, 574–76, 625, 628 (2008).  The Court held that the Second Amendment right to bear arms "belongs to all Americans," but is "not unlimited." *Id.* at 581, 626.  The Court noted that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should [have been] taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626.

Following *Heller*, the circuit courts adopted a two-step framework for Second Amendment challenges in which they, first, considered whether a law regulated activity within the scope of the Amendment based on its original historical meaning, and, second, they applied a means-end scrutiny test to determine the law's validity. *See Bruen*, 597 U.S. at 18–19.  In *United States v. Rozier*, decided

between *Heller* and *Bruen*, we held that § 922(g)(1) was constitutional, "even if a felon possesses a firearm purely for self-defense." 598 F.3d 768, 770 (11th Cir. 2010).

In *Bruen*, the Supreme Court explained that the then-predominant means-end scrutiny test that was being applied by the circuit courts was inconsistent with *Heller*'s historical approach. 597 U.S. at 23–24. Instead, the Supreme Court explained that after determining whether an individual's conduct is covered by the Second Amendment's plain text, the courts should consider whether the regulation in question "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. The *Bruen* opinion repeatedly discussed the Second Amendment as protecting the rights of "law-abiding" citizens. *See id.* at 9, 26, 38 n.9, 70–71.

In *Dubois*, decided after *Bruen*, we held that § 922(g)(1) was still constitutional because *Bruen* was "in keeping with *Heller*," which "did not cast doubt on felon-in-possession prohibitions" and thus could not have abrogated *Rozier* under the prior-panel-precedent rule. 94 F.4th at 1293 (alterations adopted) (quotations omitted). In reaching that conclusion, we said that *Bruen* approved step one of the two-step framework and that we "require[d] clearer instruction" from the Supreme Court before we would reconsider the constitutionality of § 922(g)(1). *Id.* at 1292–93.

Most recently, in *United States v. Rahimi*, the Supreme Court held that § 922(g)(8), the subsection of the statute that prohibits firearm possession by an individual subject to a domestic violence restraining order, was constitutional because the law comported

with the principles underlying the Second Amendment. 144 S. Ct. 1889, 1898–1902 (2024). In reaching that conclusion, the Court explained that "some courts [had] misunderstood" its clarifications in *Bruen* to the second step of the framework and had "read *Bruen* to require a historical twin rather than a historical analogue." *Id.* at 1897, 1903 (quotations omitted). The Court also again noted that prohibitions on felons' possession of firearms are "presumptively lawful." *Id.* at 1902 (quoting *Heller*, 554 U.S. at 626–27).

Here, Barnes has raised his constitutional challenges to § 922(g)(1) -- along with its penalty provision, § 924(a)(2) (now found in § 924(a)(8)) -- for the first time on appeal, so we review them only for plain error, and we can find none. As we've detailed, our precedent, to which we are bound to adhere, clearly establishes that § 922(g)(1) is constitutional under *Bruen*. *See White*, 837 F.3d at 1228; *Rozier*, 598 F.3d at 770–71; *Dubois*, 94 F.4th at 1292–93. *Rozier* and *Dubois* upheld § 922(g)(1)'s constitutionality, and neither *Bruen* nor *Rahimi* "demolish[ed] and eviscerate[d] each of [*Rozier*'s or *Dubois*'s] fundamental props" in order to overcome our prior panel precedent. *Rozier*, 598 F.3d at 771; *Dubois*, 94 F.4th at 1291, 1293. Furthermore, the statutes were constitutional as applied to Barnes because he stipulated to the facts that he possessed a firearm and that he knew he was a convicted felon at the time of his arrest, and no other factual determinations must be made. *See* 18 U.S.C. § 922(g)(1); *Rehaif*, 588 U.S. at 237. Therefore, Barnes has not established that the district court erred, much less plainly erred, and we affirm. *See Turner*, 474 F.3d at 1276.

**AFFIRMED.**